Riddle v. Cutter.

## RIDDLE ET UX. v. CUTTER ET AL.

1. **Trust: REVOCATION: DEATH OF TRUSTEE.** Where an improvident husband and father conveyed his property to another in trust for his children, the trustee, however, to hold his trust only until another trustee could be agreed upon, when the scope and duration of the trust were to be fully settled and expressed, it was *held* that equity would not interfere to set aside the deed because the permanent trustee had not been named, or because the temporary trustee died before the conditions of the permanent trust had been declared.

2. ———: **UNDUE INFLUENCE.** The influence of friends and relatives, exercised for the benefit of the party creating a trust, is not undue, and a trust for the benefit of one's children is sustained by a sufficient consideration.

3. ———: **INDEPENDENT ADVICE.** The fact that the settlement was made without independent legal advice would not invalidate it where the adviser could have had no personal end to serve in promoting the settlement.

4. ———: **REVOCATION.** Circumstances considered under which a failure to provide in the trust for a revocation would not constitute ground for setting it aside.

5. ———: **MISTAKE.** The power reserved in the deed to declare other trusts should be construed to include a provision for the support of the parents of the children who were made *cestuis que trust*.

*Appeal from Muscatine Circuit Court.*

## WEDNESDAY, DECEMBER 4.

ACTION in equity. The plaintiff Joseph Riddle, being the owner of certain real estate, conveyed the same to the defendant Cutter upon certain expressed trusts. The object of the action is to have the trust deed "set aside and held for naught, as being unadvised, improvident, without consideration, and as not expressing the intention of the parties thereto, and as being fraudulent as to them;" and that by proper decree the defendant Cutter be compelled to convey the premises to the plaintiff Minerva, who is the wife of said Joseph. The defendants other than Cutter are the minor children of the

plaintiffs, who appear by guardian *ad litem* and resist the relief asked. Cutter also appeared to the action.

The pleadings present the questions discussed in the opinion, and the facts are therein stated. The Circuit Court dismissed the petition and found there was a certain amount due Cutter, but that he was not entitled to a lien therefor on the trust estate, and "discharged and released him from further responsibility by reason of or on account of the trust," and appointed another trustee. The plaintiffs and Cutter appeal.

*Cook & Richman*, for appellants.

*Richman & Carskadden*, for Cutter.

*Thos. Hanna*, guardian *ad litem*, for the minor defendants.

SEEVERS, J.—The petition states that the deed of trust was executed in 1868, under the following circumstances:

"The said Joseph Riddle having been, and being at that time, of intemperate, reckless and extravagant habits, and having heretofore squandered and wasted, through and by reason of said habits, all of a large patrimony save and except the above described real estate, which was an improved farm, and being on a visit to the city of Cincinnati, in the State of Ohio, where reside most of his friends and relatives, Alpheus Cutter, his brother-in-law, the trustee named in said deed of trust, and his wife, a sister of your petitioner, with whom your petitioner was visiting, joined in persuading and inducing your petitioner, Joseph Riddle, to execute some sort of instrument whereby he should temporarily divest himself of the title of said farm; and they represented to him that in view of his circumstances and habits such execution of such instrument would be for his benefit, and preserve him from want; that it would enable him to support and take care of himself and wife, and to support and educate the child, Ada May Riddle, who had

1. TRUST: revocation: death of trustee.

been born to him, and such children as might thereafter be born to him; that if he and his wife, Minerva T., would join in the execution of an instrument which would divest him temporarily of the title to said farm, and place it where, while he would have the full benefit of the rents and profits thereof for the use of himself and family, he would not be able to encumber or squander it, he would thereby preserve the last remnant of his fortune, and have a sure provision for himself and family against poverty and want."

The material portion of the trust deed is as follows:

"The said Cutter is to hold the same as a trust estate for the sole use and benefit of Ada May Riddle, now the only child of the said Joseph and Minerva T. Riddle, and for such other children as may be born to them during the continuance of this trust.

"This trust is to continue only until the said Joseph and Minerva T. Riddle and the said Alpheus Cutter jointly shall hereafter agree in the selection of a trustee to hold the property permanently, and shall agree upon the length of time of the trust, the mode and power of revocation, the descent and distribution upon the decease of the parties concerned, and other details incident to a trust estate; it being the object and intent of this instrument to create the present trust temporarily, until a trustee who is a resident where the property is can be selected and accepts, and the creation, scope and duration of the trust can be fully settled and expressed, and this instrument is to be construed accordingly. When such selection is made and details established, the said Cutter is to be at liberty to resign, and is hereby authorized to convey the property aforesaid directly to his successor, without the intervention of the grantors herein, and is authorized in said deed to clothe the trustee succeeding with all the powers, rights and authority which may be necessary to carry out the terms of the new trust when it shall have been agreed upon, and the said grantors hereby ratify and confirm said deed, when made, the same as if now and herewith executed."

In the foreging extract from the petition and deed of trust will be found the gist of this controversy. The plaintiffs claim the trust was of a temporary character, and that it was not the intention that the title to the real estate should vest in a trustee for all or an indefinite period of time, but that the same was to be reconveyed to the plaintiff Joseph at some future day, which was to be fixed when the new trustee was selected, and the terms and conditions of the permanent trust declared.

It is further claimed by the plaintiffs that the trust deed does not contain certain provisions agreed upon, but which by mistake have been omitted therefrom, and that there was no consideration for its execution, and that it was executed by mistake. The guardian *ad litem* of the minor defendants insists that the trusts were fixed and declared in the conveyance; that all that was intended to be temporary was the trustee, and that it is not competent to prove by parol that other and different trusts were contemplated than those set forth in the deed.

The deed sufficiently shows that the trust was temporary in the following particulars: Another trustee was to be agreed upon, and then the plaintiffs and Cutter were to agree "upon the length of time of the trust, the mode and power of revocation, the descent and distribution upon the decease of the parties concerned, and other details incident to a trust estate;" that is to say, a present trust was created, and power reserved to agree upon another trustee, and settle and adjust the details of the trust.

If no trustee could be agreed upon, and the parties were unable to agree upon the details of the trust, the one then created must stand in the place of what was designed to be the permanent trust, or, for want of such joint action and agreement, it became void, or voidable, or the courts, if they possessed the power, could be called upon to do what the parties were unable or unwilling to do.

Conceding that all the circumstances surrounding the exe-

cution of the deed, including the object and intent of the parties thereto, and the understanding of the plaintiffs as to the scope and meaning of the proposed trust, and their understanding of the one executed may be shown by parol, we proceed to state as briefly as may be the facts established by the evidence:

At the time the trust deed was executed the plaintiff Joseph Riddle was twenty-two or three years of age. He was married, and the father of the defendant Ada May Riddle. · Some considerable property, in addition to the real estate in controversy, came into his possession when he reached his majority. The value of such property is not shown. But whatever it was he had squandered it. His habits, character and disposition at that time and previously are briefly but fairly stated in the foregoing extract from the petition. The defendant Cutter had been his guardian and the administrator of his father's estate. Cutter's wife was Joseph Riddle's sister. There were frequent conversations between these parties ·as to the habits of said Joseph, his property, and as to the propriety of his so placing the title to his remaining property (the real estate in controversy) that he could not sell or encumber it, but so the same, under the direction of a trustee, could be devoted to the support of the family.

Cutter and his wife were urgent and persistent in this respect, and finally Cutter consulted his attorney as to how the desired object could be effected. The execution of a trust deed was advised. The plaintiff Joseph consulted with Mr. Logan, the attorney, and the deed of trust was prepared. Mr. Logan testifies: "Joseph Riddle was then largely in debt, and his habits were such as to confirm the belief that he would continue to become involved in debt. Many of the debts he had already contracted were debts which were simply the result of his profligacy. Under these circumstances, and after full discussions with the parties as to the best shape in which to put the deed, and of a full explanation to them of it and its effects, before its execution, I drew the instrument.

The intention was, as is expressed upon its face, to divest Joseph Riddle temporarily of the title to the property, in order that he might not encumber or squander it."

The plaintiffs had no independent legal advice other than that given them by Mr. Logan.

It was contemplated as possible, at least, that the habits of said Joseph would improve, and when this took place, and the property could be safely reconveyed to him, it was to be done. This was to be settled and fixed when the new trustee was selected, and the appropriate trusts to effect this object declared.   Until this was done the power of revocation did not exist.   Nor was it contemplated that the title to the real estate should ever be vested in the plaintiffs on their own motion.

We are unable to find that the parol evidence enlarges the deed of trust.   We believe it to have been drawn in strict accord with the agreement of the parties and the intent of the plaintiffs, except as hereinafter stated.

·The deed.recites that a "trust estate" is created "for the sole use and benefit of Ada May Riddle,   *   *   *   and for such other children as may be born to the plaintiffs during the continuance of the trust."

We do not believe it was the agreement or intention of any of the parties that the real estate should be devoted to the sole use and benefit of the children, but the family, including the plaintiffs and children, were to have the use thereof for their support.   The same, however, was to be controlled by the trustee as he might think best to effectuate the purpose aforesaid.   In this respect the trust deed does not express the agreement or intent of the parties.

There is no evidence warranting the conclusion that the contingency of the children arriving at majority during the life-time of the plaintiffs was contemplated or considered.

The foregoing is a full statement of the material facts and our conclusions therefrom.   The propositions of law presented and discussed by counsel remain to be considered.

Riddle v. Cutter.

I.   Is the deed of trust void?   In considering this question the primary object sought to be attained by its execution must not be forgotten or ignored.   That was to preserve the property for the support of the family.   All else was a matter of detail.   Cutter resided in Ohio, and the plaintffs in this State, where the real estate is situate.   Therefore it was thought best to have, for permanent trustee, a resident of this State, upon whom the parties were to agree.   They have not done so, but a resident trustee has been appointed by the Circuit Court.   Nor have the conditions of the permanent trust been agreed upon.

As Mr. Cutter has deceased since this appeal it is said such trust cannot now be declared, for the reason that he alone has authority in the premises.   The discretion vested in him being in the nature of a personal trust or confidence, should these matters render the deed void when the same causes which induced its execution exist, and are the same now as then?

The primary object has not been accomplished.   The plaintiff Joseph is no more fit to have the control of this property vested in him now than when the deed was executed.   It is not claimed his habits have improved in the slightest particular.

The plaintiff Minerva may, for aught we know, be a proper person for trustee, but we do not believe the title should be vested in her, for the same reason that was discussed and abandoned when the deed was executed.   She could not probably resist a demand by her husband to convey to him or encumber the property to raise money which, from his habits, it may be reasonably expected would not be devoted to legitimate family expenses.

That there was a trust at one time must be conceded, and there has been no change in the condition of the parties not contemplated at the time it was executed.   We are not prepared, therefore, to hold, under the circumstances, that the failure or impossibility of now declaring the conditions of

the contemplated permanent trust renders the one under consideration void. No authority in support of such proposition has been cited.

While, ordinarily, the right of every person to manage and control his property is recognized and conceded on all hands, yet to even this rule there is at least one exception, which is where the party is a spendthrift or drunkard, incapable of managing his affairs. For such a guardian may be appointed under the statute. Code, § 2272. There would seem to be propriety in refusing to set aside a deed voluntarily executed to effect an object which, under the statute, could be compulsorily required.

Courts of equity have refused to disturb voluntary settlements made by a spendthrift to protect himself from the consequences of his own improvidence. *Petrie v. Espenasse*, 2 M. & K., 496.

II. It is urged that the deed should be set aside because executed under undue influence, improvidently and without consideration. As has been said, Mr. Cutter and his wife were urgent that the trust should be declared, and without serious doubt brought to bear all the influence in their power to accomplish this object; but such influence cannot be regarded as undue. They had the best interest of Joseph Riddle in view. It was his pecuniary interest they were serving, not theirs. The influence of a person's friends and relatives, exercised for his benefit and advantage, is not undue. The means used to procure the execution of the deed were legitimate and proper. *Leighton v. Orr*, 44 Iowa, 679. So far from being improvidently executed, we are satisfied it was just the reverse. The protection of Joseph Riddle from his own vices and folly required its execution.

*2.___: undue influence.*

The consideration was sufficient. Such settlements have always been upheld, so far as the consideration is concerned. In this respect the authorities are believed to be in accord.

III. But it is said the deed should be set aside because

the plaintiffs had no independent legal advice. It must be
3. ——: inde- borne in mind that Cutter derived no benefit
pendent ad-
vice. from the trust. On the contrary he was thereby
charged with an onerous and unpleasant duty. He had no
object or end to be served except the benefit of the plaintiffs
and their children. Such being the case he asked his own
counsel to prepare the deed, and with whom the plaintiffs
freely consulted. Its provisions were fully explained to them.

While purely voluntary settlements have been set aside
where the settler or donor did not have independent legal
advice, yet we think it will be found that in all such cases the
beneficiary stood in some fiduciary capacity to the donor, or
the trustee or person inducing the settlement was benefited
thereby.

Mr. Logan should not be regarded as the special counsel of
Mr. Cutter. He was the counsel of both parties. Their
interests were not adverse, but on the contrary were identical,
both desiring to accomplish the same object.

It was held in *Falk v. Turner*, 101 Mass., 494, that a voluntary
settlement, made by a woman in contemplation of marriage,
would not be set aside on the ground that the trustee was her
confidential adviser, although she was capable of managing
her own property.

IV. Is the trust deed void or voidable, because, as claimed,
it does not contain the power of revocation? There will be
4. ——: revo- found some nice distinctions in the adjudicated
cation. cases on this subject, and it cannot be said they
are in entire harmony.

The later English cases, we think, are in accord with the
rule sanctioned in *Russell's Appeal*, 75 Penn. St., 269. It is
there said: "In the absence of a certain intent to make the
gift irrevocable, the omission of a power to revoke is *prima
facie* evidence of a mistake, and casts the burden of support-
ing the settlement upon him who, without consideration or
motive to benefit him or protect the donor, claims a mere
gratuity against one who is *sui juris*, and capable of taking

care of his own estate." It is clear the intent was to make the trust irrevocable at the election of the plaintiffs. To have done so would have defeated the object of its execution. Nor was the trustee without a motive to benefit the donor or protect him. Nor is the donor capable of managing his own property. The fact, therefore, that the power of revocation does not exist, will not render the trust, under the circumstances, either void or voidable.

The authorities bearing on the several subjects herein discussed are referred to in the fourth edition of Leading Cases in Equity, part 2, vol. 2, 1156 to 1282, and *Gansey v. Mundy*, 24 N. J. Eq., 243.

V. The trust deed should be so reformed as to permit the property to be used, under the control and direction of the trustee, for the support of the plaintiffs and their children for and during the life-time of the plaintiffs, or either of them. This relief may be granted under the prayer for general relief, on the ground that it was omitted by mistake of the draughtsman, such having been the agreement and understanding of the parties. It may also be granted, we think, on the ground that the permanent trust would, without serious doubt, have so provided. If Cutter had refused to place such a provision therein a court of equity would have compelled its insertion, because such was the agreement.

*5. ——: ——: mistake.*

The power reserved in the deed to declare other trusts, or adjust the details of the one then created, should be so construed as to include in the new deed such provisions as had been settled and agreed upon, but omitted by mistake, or because of the power reserved. We are not called on to go further than this in this action.

#### CUTTER'S APPEAL.

VI. The Circuit Court found as follows: "The accounting of the defendant Cutter herein made and rendered as trustee, and showing that he has paid out and advanced in the administration of the trust the sum of three hundred and

Riddle v. Cutter.

eighty-three dollars more than he has personally received from said estate, is allowed and approved.

"It is further found that the defendant Cutter is not entitled to a lien upon said premises for the balance due him for moneys advanced in the administration of the trust, nor for any part or item thereof, and his prayer for such lien is denied."

These findings are seemingly inconsistent. The presumption, however, must be indulged that neither is erroneous, in the absence of the evidence upon which the same were based. The abstract does not contain the accounts of the trustee; from an inspection of which, together with the testimony now before us, the Circuit Court made the findings.

In the absence of all the evidence upon which they were based it is impossible for us to say which is correct. If the accounts were before us we might conclude that the trustee was not entitled to any allowance because the items charged, or some of them, were not legitimate charges against the estate. It must follow, then, that we cannot correct the seeming inconsistencies in the findings of the court below.

On the plaintiffs' appeal the judgment of the Circuit Court will be modified and affirmed, and on Cutter's appeal affirmed.

MODIFIED AND AFFIRMED.