## *Ex parte* DORAN.

*(District Court, D. Minnesota. August 29, 1887.)*

USE OF MAILS—INDECENT LANGUAGE.

A creditor deposited in the mail letters inclosed in envelopes directed to a debtor, on one of which was indorsed: "Carry me back in due time to ———, the Regulator, for publication, 32 South Washington, Minneapolis, Minn. Persons who want us to collect from DEAD BEATS should send their accounts to 32 Washington avenue south, Minneapolis, Minn. Send five cents to insure postage for a large letter to the critter;" and on another: "Return in 10 days to ———, the Collector of BAD DEBTS, 32 Washington Av. S., Minneapolis, Minn. I am looking for an OLD BILL. The DEAD-BEAT COLLECTOR hires me to look them up." He also mailed a postal card addressed to the debtor, containing the following writing: "SIR: Considering how near you can come to fill a bill, I have decided to post you on all DEAD-BEAT lists I know of in the city, and have accordingly given the different agencies a chance at you." *Held*, that the creditor was not liable to prosecution under Rev. St. U. S. § 3893, as amended, making it an offense for any person to deposit in the mail any "letter upon the envelope of which, or postal card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed," as the statute was intended to exclude from the mails only such writings as were impure or immodest, and tended to corrupt the morals of the people.

Petition for a Writ of *Habeas Corpus*.

*T. Ryan*, for petitioner.
*Dan. W. Lawler*, for the United States.

Nelson, J. The petitioner was arrested, charged with a violation of section 3893, Rev. St. U. S., and, after a preliminary examination before a commissioner of the United States circuit court, was held guilty of the charge. Upon his commitment which followed, he presents a petition for a writ of *habeas corpus*, alleging that he is unlawfully and illegally restrained of his liberty, and that the act which he is charged with doing is not an offense against the laws of the United States. The petitioner admits that he deposited in the mail certain writings, and a postal-card and envelopes upon which the following are indorsed:

[Envelope.]

EXHIBIT A.

Carry me back in due time to ———— The Regulator, for publication, 32 South Washington, **Minneapolis, Minn.**

Persons who want us to collect from DEAD BEATS should send their accounts to 32 Washington avenue south, Minneapolis, Minn.

Send five cents to insure postage for a large letter to the critter.

Mr. D. J. COMLY, 8th & Jackson Sts., City.

[Envelope.]

EXHIBIT B.

Return in 10 days to ——————, The Collector of BAD DEBTS, 32 Washington Av. S., Minneapolis, Minn.

I am looking for an OLD BILL.

The DEAD-BEAT COLLECTOR hires me to look them up.

[Stamp.]

$$\left\{ \begin{array}{c} \text{St. Paul. Minn.} \\ \text{July 18, '87.} \\ \text{3 P. M.} \end{array} \right\}$$

D. J. COMLY,
Cor. 8th & Jackson,
9 Corlies, Chapman & Drake,
City.

[Postal Card.]

EXHIBIT C.

JULY 18, 1887.

SIR: Considering how near you can come to fill a bill, I have decided to post you on all the DEAD-BEAT lists I know of in the city, and have accordingly given the different agencies a chance at you.          F. B. DORAN.

Section 3893, as amended, enacts as follows:

"Every obscene, lewd, or lascivious book, pamphlet, picture, paper, writing, print, or other publication of an indecent character, and every article or thing designed or intended for the prevention of conception, or procuring of abortion, and every article or thing intended or adapted for any indecent or immoral use, and every written or printed card, circular, book, pamphlet, advertisement, or notice of any kind, giving information, directly or indirectly, where or how, or of whom, or by what means, any of the hereinbefore mentioned matters, articles, or things may be obtained or made, and every letter upon the envelope of which, or postal-card upon which, indecent, lewd, obscene, or lascivious delineations, epithets, terms, or language may be written or printed, are hereby declared to be non-mailable matter, and shall not be conveyed in the mails, nor delivered from any post-office, nor by any letter-

carrier; and any person who shall knowingly deposit, or cause to be deposited, for mailing or delivery, anything declared by this section to be non-mailable matter, * * * shall be deemed guilty of a misdemeanor, and shall for each and every offense be fined not less than one hundred nor more than five thousand dollars, or imprisoned at hard labor not less than one year, nor more than ten years, or both, at the discretion of the court." Supp. Rev. St. 229.

The claim made by the relator that the exhibits do not make out a case in which this court has jurisdiction, and that the law has not been violated, in my opinion, is true. To hold otherwise would necessitate a strained construction of this statute. The purpose of the act was to prevent the mails from being used to circulate matter to corrupt the morals of the people. The history of this legislation clearly shows that congress determined to exclude from the mails impure and immodest writings, and that rough and coarse language is not within the terms of the act. It is not the province of courts to extend the statutes so as to embrace cases not plainly and clearly within their terms; and, if there is a fair doubt whether the act charged is within the purview of the law, the person who committed it is entitled to the benefit of the doubt. The supreme court of the United States, in *Ex parte Jackson*, 96 U. S. 736, say: "In excluding various articles from the mail, the object of congress has not been to interfere with * * * the rights of the people, but to refuse its facilities for the distribution of matter deemed injurious to the public morals." And, again: "All that congress meant by this act was that the mail should not be used to transport such corrupting publications and articles."

The writings deposited in the mail and complained of are not excluded mailable matter, and afford no cause for criminal proceedings.

The petitioner is discharged from custody.