## STATE OF MINNESOTA *vs.* BURT LOCKERBY.

•

Submitted on briefs May 10, 1892. Decided July 1, 1892.

**Burden of Proof of Chastity in Prosecution for Seduction.**

> Under the rule as established in this state, in a prosecution for seduc-
> tion under a promise of marriage, the burden of proof rests upon the
> state to prove the previous chaste character of the prosecutrix, and her
> testimony must be corroborated by other evidence on the subject.

**Corroboration of Prosecutrix.**

> But such evidence may be received as in the nature of the case rea-
> sonably tends to establish the fact, and where there is some evidence,
> though circumstantial, tending to support the testimony of the prosecu-
> trix, the case is for the jury.

**General Reputation for Chastity is Admissible.**

> In view of the rule as to the burden of proof on this question, evi-
> dence of her general reputation for chastity is admissible in corrobora-
> tion.

Appeal by defendant, Burt Lockerby, from an order of the Dis-
trict Court of Goodhue County, *Williston*, J., entered November 20,
1890, refusing him a new trial after verdict of guilty. He was in-
dicted for the seduction of Bertha Quamme under promise of mar-
riage.

*J. C. McClure*, for appellant.

*Moses E. Clapp*, Attorney General, and *S. J. Nelson*, County
Attorney, for respondent.

VANDERBURGH, J. Indictment for seduction under promise of mar-
riage.

The principal question in this case arises upon the introduction of
evidence in corroboration of the complaining witness to prove her
previous chaste character. In several of the states, under similar
statutes, the courts hold that, the natural presumption being in
favor of the chastity of the female, this supplies the place of evi-
dence in the first instance, and no proof is required of her previous

chaste character until it is assailed. The courts of other states, including our own, adopt the opposite rule; and this seems supported by the better reason. The presumption in favor of her chastity is overcome by the presumption of the innocence of the defendant, and the burden rests upon the state to prove the averment in the indictment. *West* v. *State*, 1 Wis. 209; *Com.* v. *Whittaker*, 131 Mass. 224; *State* v. *Zabriskie*, 43 N. J. Law, 369; *People* v. *Roderigas*, 49 Cal. 9; *State* v. *Timmens*, 4 Minn. 325, (Gil. 241;) *State* v. *Wenz*, 41 Minn. 197, (42 N. W. Rep. 933;) 1 Bish. Crim. Proc. § 1106; Bish. Stat. Crimes, (2d Ed.) § 648. The state is then obliged to produce some evidence in support of the previous chaste character of the prosecuting witness. But only such corroborative evidence is required as in the nature of the case is obtainable,—such proof as the fact is susceptible of, *People* v. *Kearney*, 110 N. Y. 193, (17 N. E. Rep. 736;) *Armstrong* v. *People*, 70 N. Y. 44; and, where there is some evidence given by corroborating witnesses which supports the prosecutrix, the case is for the jury.

It must be so submitted, though it be circumstantial and apparently slight in its character. *Crandall* v. *People*, 2 Lans. 311. In the case last cited the fact that the prosecutrix went in good society was held proper evidence that she was of previous chaste character. In *State* v. *Timmens*, 4 Minn. 333, (Gil. 241,) prosecutrix was shown to have been a constant inmate in her father's house, and was during the time sought in marriage by another man. And in *State* v. *Brinkhaus*, 34 Minn. 287, (25 N. W. Rep. 642,) the girl went in such society as the neighborhood afforded, of the social rank of the family, and neighbors had never seen anything improper in her conduct.

A similar line of inquiry was pursued in this case, and a stronger case, based on such evidence, was made for the jury than in the cases cited. The evidence of the witness Hathaway, for whom the prosecutrix worked for a year previous to her seduction, shows that he knew her reputation for chastity in the community, and that he had never heard anything affecting the reputation or character of the girl except the matter on trial, and had never seen anything improper in her conduct. Other evidence of a similar character was received. In addition to this, the same and other witnesses were permitted and

did testify that her general reputation for chastity in the community where she resided was good. The admission of this evidence of her general reputation is specially assigned as error.

I have a good deal of doubt whether the evidence was competent, for the reason that the fact to be proved is not the repute of the person for chastity, but actual personal virtue; hence it is said that the question being whether she is chaste in fact and from principle, and not whether she is reputed to be so, evidence of reputation for chastity is not competent. *State* v. *Prizer*, 49 Iowa, 531; *Kauffman* v. *People*, 11 Hun, 87.

In the leading case of *Kenyon* v. *People*, 26 N. Y. 203, evidence of the general bad reputation of the prosecutrix was held properly rejected on the ground above stated; and in *Kauffman* v. *People*, *supra*, a case where the prosecution was held bound to prove the previous chaste character of the prosecuting witness, the court decided that the rule must be the same, as it affects both sides of the question.

The general rule is that the state cannot offer evidence to prove the reputation of witnesses produced by it; for the purpose of corroborating or strengthening their testimony, unless the defense shall have first attacked their character. *People* v. *Hulse*, 3 Hill, 309. I think it has not been the usual practice to resort to such evidence in prosecutions of this kind in this state, and this is the first case which has come before us in which it has been attempted.

But my brethren are of the opinion that the evidence was proper, and the following considerations may be urged in support of the rulings of the trial court. As was said by that court in its charge to the jury, unchastity in a female is much more likely to attract attention and be talked about in a community than chastity; and if the jury believe from the evidence in the case that the conduct and deportment of the complaining witness in the village where she lived was correct and proper, and that up to the date of the alleged seduction by the defendant she was not talked about with regard to chastity or unchastity, that is a circumstance which they were entitled to consider in corroboration of the witness. That is to say, the evidence in such cases must necessarily be chiefly negative in its character, and hard to distinguish from that which is allowed to

prove general reputation. *State* v. *Lee*, 22 Minn. 409. In *State* v. *Hill*, 91 Mo. 427, (4 S. W. Rep. 121,) it is suggested that the difference in the language of statutes—"female of good repute" and of "previous chaste character"—was not such as to call for any variation of the rules of evidence; and in *West* v. *State*, 1 Wis. 217, the court say that the very fact that her chastity has never been questioned would perhaps establish it.

Where a witness is acquainted with the prosecutrix in the community where she resides, and has never heard anything to her prejudice, the fact ought to be evidence in her favor, though it would be negative testimony of her general reputation in the community; and that would naturally be the character of the testimony in such cases. The shifting of the natural order or burden of proof, by reason of the nature of the offense as defined in the statute, substantially places her in the same position as if her character had already been assailed, in which case it is well settled she may introduce evidence of general reputation.

In *State* v. *Prizer*, 49 Iowa, 533, it is said a pure character may not be shown by reputation, but evidence of particular lewd conduct may be rebutted by proof of good reputation. This is the rule theoretically stated, but ignores the effect of the statute in removing the presumption of innocence; and it is difficult to see any practical difference between evidence of the indefinite or negative character ordinarily given and evidence of reputation, as, for instance, that the prosecutrix was received in good society or had good social standing. From the nature of the case, general reputation must be regarded as having some relation to actual character, and goes directly to the question of the probability of her being chaste. As the law assumes all characters to be good, they must be first assailed before they can be proved to be good. But in a case of this kind the character of the prosecutrix is already impeached by the fact of seduction. It is true, under the general rule as established, if the defendant attempts to assail her character in the first instance he is put upon the proof of specific facts tending to show unchaste character, but these facts are susceptible of proof by affirmative evidence; and the distinction, if not exactly logical, is nevertheless grounded upon

practical reasons. The court, therefore, holds that the evidence was properly received.

There was no error in rejecting evidence of subsequent offers of marriage by defendant. It was clearly immaterial, and did not tend to support any defense. *Cook* v. *People*, 2 Thomp. & C. 404.

The other assignments we do not, deem necessary to be considered. Order affirmed.