CHESTER CARROLL *v.* THE STATE OF MISSISSIPPI.

1. SEDUCTION. *Reputation. Chastity. Code* 1892, § 1298.

   Actual chastity, and not the mere reputation of chastity, constitutes a female the subject of seduction.

2. SAME. *Evidence.*

   It is competent, as one of the elements of proof of actual chastity, to show that the woman had the reputation of being chaste.

3. WITNESS. *Prosecutrix. Contradiction.*

   If a question be asked a prosecutrix in seduction whether she had made a certain declaration, and the witness answers, notwithstanding an objection sustained to the question, denying the declaration, and the answer is not excluded, evidence contradicting such answer is admissible.

FROM the circuit court of Webster county.

HON. C. H. CAMPBELL, Judge.

Chester Carroll, appellant, was indicted, tried and convicted under code 1892, § 1298, for the seduction of Agnes Boucher. When the prosecutrix was cross-examined by defendant's attorney, she was asked if she had not stated to Ida Carroll, before her alleged seduction, that "if a girl gets pregnant by a man it was her own fault; that there was plenty of medicine to take which would prevent a girl from becoming pregnant, and that she knew what the medicine was." The district attorney objected to the question, and the court sustained the objection, but the witness, notwithstanding the objection and ruling, answered and said that she had not so stated, adding: "I can look as straight at her as I ever did in my life and tell her so." The defendant introduced Ida Carroll as a witness, and proposed to prove by her that the prosecutrix did make the statement, but the district attorney objected and the

court sustained the objection, and defendant excepted. A number of witnesses testified that the prosecutrix bore the reputation of chastity before October 22, 1894, the date of the seduction charged in the indictment.

The sixteenth instruction asked by defendant, which was refused by the court, was as follows: "16. The court instructs the jury that an unchaste woman may have a good reputation for virtue and chastity in the neighborhood in which she lives, and proof that she has a good reputation for virtue and chastity in the neighborhood in which she lives does not necessarily establish the fact of her chastity; and if the jury have a reasonable doubt, from all the circumstances and evidence in the case, of the chastity of Agnes Boucher, prior to the twenty-second day of October, 1894, they must find the defendant not guilty."

*Critz & Beckett* and *Leverett*, for appellant.

It was error for the court to exclude from the jury the statements made by the prosecutrix to Miss Ida Carroll. If Agnes Boucher said to Ida Carroll: "If a girl gets pregnant by a man, that it was her own fault; that there was plenty of medicine to prevent a girl from becoming pregnant, and that she knew what the medicine was," and proposed to tell Ida Carroll what this medicine was, then every sensible man must have doubt of her chastity.

The reputation of the prosecutrix for chastity was not involved. It was a question as to her personal purity. It is character and not even reputation, which is the priceless jewel of the law's jealous regard. Character is what the girl or woman is; reputation is what others say she is. The former is real and true; the latter may be deceitful and false. *Powell* v. *State*, 20 So. Rep., 4.

*Wiley N. Nash*, attorney-general, for the appellee.

It is claimed that it is error for the court to exclude the alleged statements of the prosecutrix to Miss Ida Carroll. Not

at all.   Does it follow that every woman who knows how to prevent conception is a prostitute?   Charge 16 was properly refused.   It was clearly a charge upon the weight of evidence.

Argued orally by *Wiley N. Nash*, attorney-general, for the state.

WHITFIELD, J., delivered the opinion of the court.

Without now passing upon any other assignments of error than those specially noted, we deem it enough to say that the witness, Miss Ida Carroll, should have been permitted to testify in contradiction of Miss Boucher.   The last named witness' testimony on this point was objected to (as to medicine to prevent pregnancy, etc., and its being a girl's own fault if she became pregnant from sexual intercourse), and the objection was sustained, but she answered anyway, denying in the most positive terms that she had made the statement; and the record does not show that this was excluded from the jury, and yet, Miss Ida Carroll was not allowed to testify to the same matter in contradiction.   We think this testimony was competent, but we do not think its exclusion reversible error.

But we think the court should have granted the sixteenth instruction asked by the defendant.   The charge was eminently proper, in view of the very full testimony as to the reputation for chastity of the woman in the case.   It was intended to save the jury from misconception by declaring that the thing which is essential to constitute the woman the subject of seduction is not reputation for chastity, but the fact of actual chastity.   It was perfectly competent, as one of the elements of proof of actual chastity, to show that the woman had the reputation of being chaste.   We prefer the view that this evidence is competent.   *State* v. *Lockerby* (Minn.), 36 Am. St. Rep., 656. "From the nature of the case," says the court in that case, "general reputation must be regarded as having some relation to actual character, and goes directly to the question of the

probability of her being chaste.'' But it remains true that it is actual chastity which is the *sine qua non*, and the charge properly told the jury that proof of reputation only did not, of itself alone, require them to believe actual chastity was established if, from all the circumstances and evidence in the case, they had a reasonable doubt of her actual chastity. Looking to the whole record, we cannot confidently say that the refusal of this instruction did not work harm to the appellant, and hence, for this error, the judgment must be reversed and the cause remanded. *Powell* v. *State* (Miss.), 20 So. Rep., 4.