STATE OF IOWA v. ALBERT HUMMER, Appellant.

.Seduction: REPUTATION OF PROSECUTRIX: EVIDENCE. On a prosecu-
1    tion for seduction, evidence of the general good reputation
     of the prosecutrix for morality is not admissible in rebuttal
     of evidence tending to show specific acts of unchastity.

Instruction: LASCIVIOUS AND INDECENT CONDUCT. An instruction
2    that no amount of lascivious and indecent conduct and con-
     versation will establish unchastity is erroneous, as lascivious-
     ness is synonymous with unchastity.

*Appeal from Johnson District Court.*— HON. O. A. BY-
INGTON, Judge.

WEDNESDAY, SEPTEMBER 27, 1905.

DEFENDANT was convicted in a prosecution for seduc-
tion, and appeals from the sentence of three years' im-
prisonment in the penitentiary.—*Reversed.*

*Baker & Ball* and *George B. Holbert,* for appellant.

*Chas. W. Mullan,* Attorney-General, and *Lawrence De
Graff,* Assistant Attorney-General, for the State.

McCLAIN, J.— I. There was testimony on behalf of
defendant tending to show unchastity of the prosecutrix
prior to the time of the alleged seduction, and the state in

1. SEDUCTION:
reputation of
prosecutrix;
evidence.

rebuttal was allowed, over defendant's objec-
tion, to ask several witnesses as to the gen-
eral reputation of the prosecutrix for moral-
ity prior to such alleged seduction. It is now contended
for the appellant that the court erred in overruling the
objection to this testimony, and in instructing the jury
that, " Where the character of the prosecutrix for chastity
is attacked, it is the right of the state to show her good

moral character in her home community." We think it is clear from the record that the moral character referred to in the testimony and in the instruction was not limited in the mind of the court, or in the minds of the jury, to sexual morality, but extended to morality in the broad sense; and the question is whether the general good reputation of the prosecutrix as to being a moral person can be shown and considered in rebuttal of evidence tending to show specific acts of unchastity. It is well settled in this state that the general reputation of the prosecutrix for chastity may be shown and considered by way of rebuttal to testimony tending to show unchastity. Thus in *State v. Shean,* 32 Iowa, 88, it was held competent for the prosecution in such a case to show that the prosecutrix was of good character for chastity, correct and modest in her deportment, and that, until the occurrence with defendant, she was considered a virtuous girl; and the court says: " The observation of all experience establishes that a woman of good reputation for virtue with those who well knew her, of modest deportment when in the society of men and women, will not likely be guilty of the conduct charged against the prosecutrix. When such accusations are brought against women of such character, they are regarded in a degree as improbable. This rule is of constant application in every-day life, and preserves the peace and name of the virtuous against the tongue of slander and hate. . . . The fact that a life of purity, such as will secure and sustain a reputation for virtue, renders in a degree charges of lewdness and sexual indulgence improbable, is the ground upon which the evidence objected to was admitted."

With reference to this case the court said, in *State v. Prizer,* 49 Iowa, 531, 533: " We there held that upon the trial of an indictment for seduction, where acts of lewdness had been testified to by witnesses for the prisoner, the good reputation of the prosecutrix for virtue may be shown

in rebuttal. The decision is based upon the ground that a reputation for virtue, gained by a life of purity, renders in a degree charges of lewdness and sexual indulgence improbable, and may therefore be given in rebuttal of evidence supporting such charges. Evidence of a reputation for chastity, based upon a life of purity, surely ought to be a protection of some degree of strength against specific charges of lewdness; but it cannot be said that reputation for unchastity establishes the character to be impure. Such a character may be established by proof of particular acts, or by a course of life and conduct inconsistent with purity. A pure character may not be shown by reputation, but evidence of particular lewd conduct may be rebutted by proof of a good reputation." In *State v. Lenihan,* 88 Iowa, 670, the cases from which quotations have been made are cited in support of the proposition that, when the chaste character of the prosecuting witness is attacked by attempting to show that she really invited the sexual intercourse which resulted in her ruin, the prosecution might, in rebuttal, properly call witnesses to show that she was of chaste character. It seems to us to be clear that the reputation for morality, which under the authority of these cases may be shown in rebuttal of evidence tending to prove specific acts of lewdness or unchastity, is a reputation for morality in the sexual relations, that is, a reputation for sexual virtue, and not merely reputation as to general good moral character; and it is evident that the court did not intend to go further in *State v. Reinheimer,* 109 Iowa, 624, where these cases are cited in support of the brief statement that it was proper for the prosecution, after defendant had introduced evidence tending to show the unchastity of the prosecutrix, to sustain her character by proof of her general reputation in the community in which she lived. So far as we can discover, no court has ever gone further than this in allowing proof of reputation in rebuttal of specific evidence of unchastity. *State v. Lockerby,* 50 Minn. 363 (52 N. W.

958, 36 Am. St. Rep. 656); *Carroll v. State,* 74 Miss. 688, (22 South. 295, 60 Am. St. Rep. 539); *Suther v. State,* 118 Ala. 88, 98, (24 South. 43); *Smith v. State,* 17 Ala. 139, 144 (18 South. 306); *State v. Clark,* 9 Or. 466. The court erred, therefore, in allowing the prosecution to introduce and the jury to consider evidence of general reputation for morality as tending to rebut the testimony for the defendant which tended to show an unchaste character.

II. In an instruction with reference to unchaste character of prosecutrix as a defense, the jury were told that "no particular amount of improper conduct or indecent familiarity with men, exclusive of sexual intercourse, is conclusive of unchaste character. You are the sole judges of the actual character of the prosecutrix for chastity as disclosed by the evidence.

**2. Instruction: lascivious and indecent conduct.**

No particular amount or degree of lascivious and indecent conduct and conversation can be set down as conclusive evidence of unchastity. It is not every act of impurity, nor even of indecency, that would fix the stain of unchastity upon a woman. Persons differ in their manner and tone of conversation, in their education and refinement, and in the manifestations of character." This direction is unquestionably correct as to indecent conduct and conversation, for decency is often a question of taste and refinement. But the court erred in placing lascivious conduct on the same basis as mere indecency. Lasciviousness is defined as wantonness or lewdness. *Ex parte Doran* (D. C.) 32 Fed. 76; *United States v. Clarke* (D. C.) 38 Fed. 732; *United States v. Durant* (D. C.) 46 Fed. 753; *State v. Lawrence,* 19 Neb. 307 (27 N. W. 126.) Conduct cannot be characterized as lascivious, wanton, or lewd, unless it is intentionally calculated to incite to lust. It is thus distinguished from indecency and impropriety, which may or may not indicate lust, depending upon the purposes or feelings of the person who is guilty of such indecency or impropriety. Indecency of conduct may tend to prove lasciviousness; but

we think that, when lasciviousness is proven, an unchaste character is thereby established. A woman of chaste character would not be guilty of lascivious conduct. The fact of lasciviousness proves an unchaste character. In this State it is well settled that unchaste character may exist without actual unchastity. It consists of impurity of mind with reference to the sexual relations. *Andre v. State,* 5 Iowa, 389. Lasciviousness not only indicates, but establishes, impurity of mind. The instruction makes no distinction between lasciviousness and indecency, and in this respect we think it was erroneous. We cannot see how any amount or degree of lascivious conduct — that is, conduct which is in fact lascivious on the part of the one guilty thereof — could be consistent with chaste character.

Many other alleged errors are argued, but we find nothing in the record requiring further discussion, either with reference to the correctness of the proceedings in the present case, nor with a view to a retrial of the case. For the errors pointed out, the judgment must be reversed, and the case is remanded for a new trial.—*Reversed and remanded.*