Hopper *vs*. The State of Georgia.

---

JOSEPH L. HOPPER, plaintiff in error, *vs*. THE STATE OF GEORGIA, defendant in error.

Under an indictment for seduction by promise of marriage, it is competent for the jury to find the defendant guilty of fornication, even though it be not affirmatively alleged that the defendant is a single man.

Criminal law.   Seduction.   Fornication.   Before Judge UNDERWOOD.   Gordon Superior Court.   August Term, 1874.

Hopper was indicted for seduction as follows: "For that the said Joseph L. Hopper, in the county and state aforesaid, on March 1st, 1872, did then and there by persuasion and

promises of marriage, and by other false and fraudulent means, seduce one Sarah A. Guy, a virtuous unmarried female, and did then and there, by the means aforesaid, induce her to yield to his lustful embraces, and allow him to have carnal knowledge of her, contrary to the laws of said state," etc.  The defendant pleaded not guilty.  The jury found him guilty of fornication.  A motion for a new trial was made upon the following grounds, to-wit:

1st.  Because the court erred in charging the jury "that although the indictment did not allege that the defendant was a single man, yet if the proof satisfied them that the defendant was a single man, and that Sarah Guy, the prosecutrix, was a single woman, and that the defendant had been guilty of having had illicit intercourse with her at any time within two years next preceding the preferring the bill of indictment, then they would be authorized to find the defendant guilty of fornication, this indictment being a good indictment for seduction, and unobjected to on that ground."

2d.  Because the court erred in refusing to charge the jury, "that the defendant could not be found guilty of fornication unless the same was alleged in the bill of indictment, and sustained by the testimony."

3d.  Because the court erred in allowing the state to prove that the defendant was a single man over the objection of defendant, it not being alleged in the indictment that he was a single man.

The motion was overruled, and the defendant excepted.

J. A. W. JOHNSON, for plaintiff in error.

A. T. HACKETT, solicitor general, for the state.

McCAY, Judge.

The only question in this case is, whether it was competent for the jury to find the defendant guilty of fornication under the charge in the indictment.  It is not denied that the offense charged does not include, and necessarily include, either

adultery or fornication, or both; but it is said that it does not appear from the indictment which.   The indictment does not allege whether the defendant was, at the time the offense was committed, married or single, and that the offense would be adultery if he was married, and fornication if he was single. It is, therefore, insisted that there was no charge in the indictment on which to found the verdict.   Our Code does not define these offenses; it merely provides that if one be guilty of fornication or adultery, or both, he or she shall be punished, etc.   Nor is there any common law definition of these words, the offense not being punishable by the common law. There is, therefore, no express language of the statute which it is necessary to use in order to charge, in legal terms, the offense in the bill of indictment.   It seems to us that the charge here is sufficient.   It does not appear from the indictment that either party was married.   Indeed, the implication is that neither was, since the charge is seduction under promise of marriage.   Now marriage is a new condition.   It is taken on.   It is not the normal condition of either a man or a woman.   We are not prepared to say that an indictment for fornication, charging that A had been guilty of carnal connection with B, A being a male and B a female, would not be good.   Would not the law imply that neither was married; at least that the pleader so intended?   Had this verdict been for adultery the point of the plaintiff in error would be strong; but as it is for fornication it meets the statements in the indictment.

Judgment affirmed.