## BENNETT *v.* THE STATE.

1. It is essential to the conviction of a man indicted for fornication, for the State to prove that when the alleged offense was committed both he and the woman with whom the criminal intercourse took place were unmarried persons.
2. The decision of this court in *Hopper* v. *State*, 54 *Ga.* 389, properly construed, does not hold to the contrary.

Argued November 15, — Decided November 26, 1897.

Indictment for fornication. Before Judge Fite. Gordon superior court. August term, 1897.

*W. R. Rankin*, for plaintiff in error.
*Sam. P. Maddox, solicitor-general*, by *Albert S. Johnson*, contra.

FISH, J. Pete Bennett was indicted, at the August term, 1897, of the superior court of Gordon county, for fornication with Martha Reynolds. The indictment charged that he was a single man and she a single woman at the time the offense is alleged to have been committed. Martha Reynolds, the only witness sworn, testified, in behalf of the State, that she

was delivered of a bastard child a few months prior to the trial, and that Pete Bennett was its father; that he had sexual intercourse with her, in Gordon county, in May, 1896. There was no evidence that either of them was unmarried. The accused was convicted, and upon his motion for new trial being overruled, he excepted. The assignment of error insisted on here is that the court, after charging the jury, as requested by counsel for the accused, that "it is incumbent on the State to prove every material allegation in the bill of indictment. That the parties were not married is material. If the State failed to show that the woman was an unmarried female and that the man was single, then you ought to acquit," erred in adding to such charge the following: "But I charge you, gentlemen, that the single or unmarried state is the natural state, the normal condition of man and woman; and in the absence of any proof to the contrary, the law would presume that the defendant and the witness Martha Reynolds are and have always been single or unmarried."

1. To commit the offense of fornication in this State, both the parties to the illicit sexual intercourse must be unmarried. *Kendrick* v. *State*, 100 *Ga.* 360, and cases there cited. The indictment in the case under consideration alleged this necessary ingredient of the crime. The trial judge correctly charged the jury, that it was incumbent upon the State to prove every material allegation in the indictment; and that if the State failed to show that the accused was a single man and that the woman with whom he was charged to have had sexual intercourse was a single woman, then the accused should be acquitted. The court committed error, however, in charging that "the law would presume that the defendant and the witness Martha Reynolds are and have always been single or unmarried." There is no presumption of law or of fact that a man or a woman is single, nor any presumption to the contrary. There is no presumption that a man is not a member of the church, or of the masonic or any other order, simply because he was not a member in early life. Nor can it be inferred that a man is uneducated from the fact that such was his original condition. Yet there is as much reason for a presumption in such cases as there is

for presuming that a man is unmarried because that must necessarily have been his first state. It may be that at a fixed age a majority of persons are single, and that at a more advanced age a majority are married, but it would be very uncertain and unreliable to presume that a particular individual of either age was single or that he was married. Moreover, why should a man in a civilized community, who is competent to marry, be presumed not to have entered into a contract of marriage, when no presumption arises that he has not entered into any other kind of a contract? As above stated, the indictment in this case alleged that the accused and the other party to the offense were single at the time it was committed, and the burden was upon the State to prove the averment.

2. 'The case of *Hopper* v. *State*, 54 *Ga.* 389, was relied upon in the argument here, by counsel for the State in this case. The distinction between the *Hopper* case and the case at bar is this: in that case the charge was seduction, and the accused was found guilty of the offense of fornication, and this court held that a conviction for the latter offense could be supported on such an indictment, though it did not affirmatively allege that the accused was a single man; and it was also held that evidence showing that he was an unmarried man was admissible, though the indictment was silent as to this matter. So, even if that decision is sound in both respects, it does not touch the question now involved. In a word, in *Hopper's* case it was held that an indictment and conviction for fornication could stand on proof that the man and woman were both single, though the indictment did not allege whether the man was married or single. In the case at bar there is no question as to the sufficiency of the indictment, or as to the admissibility of evidence; the indictment is perfect, and alleges, as we have seen, that both parties to the illicit intercourse were single; and the sole question is, must this fact be proved? This court did not, in the *Hopper* case, hold that a person could be' convicted of fornication without proving that he and the woman of whom he had carnal knowledge were both single. Indeed the trial judge in that case charged the jury that if the proof satisfied them that the accused and the woman with whom he

was alleged to have had sexual intercourse were both single, they could convict; and this charge was approved by this court. The *Hopper* case, therefore, is not authority upon the question here involved, and its intimations and inferences will not be carried beyond what is there ruled.

*Judgment reversed. All the Justices concurring.*