## NEIL *v.* THE STATE.

1. In order for a man to be convicted of fornication it must appear that both he and the female who participated in the criminal act were unmarried when the offense was committed.

2. There being no evidence showing that either the accused or the female named in the indictment was unmarried when the criminal act was committed, the verdict was unauthorized, and the court erred in refusing to set it aside.

Argued January 19,—Decided February 6, 1903.

Indictment for fornication. Before Judge Freeman. City. court of Newnan. December 6, 1902.

*H. A. Hall*, for plaintiff in error.
*W. G. Post, solicitor*, contra.

COBB, J.   The accused was convicted under an indictment, charging him with the offense of fornication. There was no evidence showing that either he or the female with whom the crim-

inal act was alleged to have been committed was unmarried at the time the offense was committed. There is no presumption of law or of fact that a given person is married or single, but this is a matter which must be established by evidence whenever it is material. It being essential, to authorize a conviction for forni-cation, that both parties to the criminal act should be unmarried, it is incumbent upon the State to establish this fact by competent evidence. *Bennett* v. *State*, 103 *Ga.* 66. The record in the present case failing to disclose that either of the parties was unmarried, the conviction was unwarranted, and the court should have granted a new trial.

*Judgment reversed.* *By five Justices.*