## 6297. SHATTLES *v.* THE STATE.

1. One tried for seduction and convicted of fornication can not complain that the evidence showed that the consent of the female was induced solely by a promise of marriage, and that the transaction was therefore meretricious.

2. While it is essential to a conviction of fornication that the proof show that the participants were unmarried at the time of the criminal act, the defendant's admission in his statement on the trial, that he proposed marriage and was engaged to the female with whom he was alleged to have had sexual intercourse, will support the inference that he was an unmarried man, and will supply at least prima facie evidence of that fact, which should be rebutted. There is no presumption that a person is either single or married, but the existence of the connubial relation, or the contrary, may be shown by circumstantial evidence.

DECIDED OCTOBER 7, 1915.

Indictment for seduction—conviction of fornication; from Tift superior court—Judge Thomas. December 8, 1914.

*R. D. Smith,* for plaintiff in error.

*J. A. Wilkes,* solicitor-general, contra.

RUSSELL, C. J. The defendant was charged with the offense of seduction. Upon the trial the prosecutrix testified that, during the existence of a bona fide engagement to marry, the accused accomplished her ruin. The defendant, in his statement at the trial, did not deny the engagement, but asserted that while he requested his fiancée to permit him to have sexual intercourse with her more than once during the engagement, she always refused, and that he never had sexual intercourse with her. The jury found him guilty of fornication, and the trial judge overruled his motion for a new trial.

There are two points presented in the record, both dependent upon the legal sufficiency of the evidence. It is insisted first that the intercourse between the defendant and the female alleged to have been seduced was purely the result of his promise to marry her, and that the transaction was meretricious. As frequently ruled, and notably in *Disharoon* v. *State,* 95 *Ga.* 351 (22 S. E. 698), and *Cherry* v. *State,* 112 *Ga.* 871 (38 S. E. 341), where a female consents to intercourse merely in consideration of a promise that the male will marry her, the transaction is not seduction. We think the jury would have been authorized to find that the case was one of seduction, but it is plain that, in finding that the offense was merely fornication, they eliminated entirely the complaint of the plaintiff in error, for they found in favor of his contention upon that point. The fact that the transaction was so meretricious as to deprive the criminal act of the essential elements necessary to constitute seduction would be no bar to a conviction of fornication.

The second insistence of the plaintiff in error is that the evidence does not show that he was an unmarried man. In *Hopper* v. *State,* 54 *Ga.* 389, it was held that one indicted for seduction could be convicted of fornication although it was not affirmatively alleged in the indictment that the accused was an unmarried man, and in the opinion in that case reference is made to the probable implication that the parties to the alleged seduction were single because that is the normal state of both man and woman, and a condition once shown to exist may be presumed to have continued. In *Bennett* v. *State,* 103 *Ga.* 66 (29 S. E. 919, 68 Am. St. R. 77), in *Neil* v. *State,* 117 *Ga.* 14 (43 S. E. 435), and in later decisions, the ruling in *Hopper* v. *State,* supra, was explained, and it was pointed out that that ruling related only to the accusation, it being in all cases essential, in order to authorize a conviction of fornication, that the proof should show that both parties were unmarried at the time of the alleged criminal act. Notwithstanding the rulings in *Bennett* v. *State,* supra, and in *Neil* v. *State,* supra, we hold the evidence in the present case sufficient to authorize the verdict. Any fact can be proved by circumstantial evidence as well as by direct proof. It is uncontradicted that for nearly three years the defendant visited "the woman in the case," either as a suitor for her hand or as her prospective husband. He

lived within two miles of her. From his proposal to marry the prosecutrix the jury could infer that he was unmarried. In his statement to the jury, he admitted that he proposed marriage to her and was engaged to her, and stated more than once to the jury that he would have married her but for the discovery of her lasciviousness and consequent pregnancy, of which he insisted that he was not the cause, for the reason that he had never had intercourse with her. There are other circumstances which might be enumerated which would authorize the jury to infer that the accused was an unmarried man. Taken together, the circumstances of the case furnished prima facie proof that he was a single man; and when the party upon whom rests the burden of proof established a fact prima facie, the proof upon that point is sufficient until rebutted.

There was no error in overruling the motion for a new trial.

*Judgment affirmed.*