FIGUEROA, APPELLANT, v. REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Recording a Deed of Purchase and Sale with Curable Defects.

No. 550.—Decided January 16, 1923.

RECORD OF TITLE—SEGREGATION—DESCRIPTION OF PROPERTY—CURABLE DEFECT.—
It is a curable defect not to describe in a deed presented for record the principal estate from which the lot to be recorded was segregated, although the principal estate is the remainder of other estates from which it was likewise segregated.

ID.—COMMUNITY PROPERTY—CIVIL STATUS—PRESUMPTION—EVIDENCE.—There is nothing apodeictic in the nature of the legal presumption as to the community character of property recorded in the name of a married man; but, on the contrary, both' this and the presumption, if any, as to personal legal status are always open to challenge and may be destroyed by satisfactory evidence that the fact is otherwise.

The facts are stated in the opinion.

Mr. B. Forés for the appellant.

The respondent appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The purchaser under a deed of conveyance executed by a married man with the consent of his wife appeals from a ruling by the registrar in terms as follows:

"Record is made of the foregoing document, which is deed No. 228 executed in this city on October 1st, instant, before notary Benito Forés, after examining an exhibited marriage certificate of the grantor consorts, at folio 146, volume 31 of Lajas, property No. 1485, first record, with the curable defects that no description appears in the document of the remainder of the principal property after the segregation of half an acre as shown by the Registry, and that no proof was offered as to the civil status of the grantor when he acquired the main property, and if married, that he was married to Carmen Rita Ortiz y Toro, for although it appears from the said certificate of his marriage to the said Carmen Rita Ortiz y Toro that it was celebrated on November 4, 1900, the Registry shows, however, that he acquired the said property in the year 1900 without specifying the day and month of the year."

In *Kennedy* v. *Registrar,* 26 P. R. R. 720, we held, as stated in the syllabus, that:

"It is a curable defect not to describe in the deed presented for record the principal estate from which the lot to be recorded was segregated, although the principal estate is the remainder of other estates from which it was likewise segregated."

It seems to be held quite generally that celibacy, "being the natural state," is presumed to continue until the fact of marriage is proved. Note to *Rucker* v. *Jackson,* Am. Ann. Cases 1915 C, p. 1058, at p. 1061.

However, authority is not wanting to support the contrary view, and the reasoning of some of the opinions which challenge the soundness of the doctrine laid down by the majority is entitled to serious consideration. Thus, as pointed out in the note last above mentioned, the Supreme Court of Georgia, in *Bennett* v. *State,* 103 Ga. 67, 29 N. E. 919, said:

"There is no presumption of law or of fact that a man or a woman is single, nor any presumption to the contrary. There is no presumption that a man is not a member of the church, or of the masonic or any other order, simply because he was not a member in early life. Nor can it be inferred that a man is uneducated from the fact that such was his original condition. Yet there is as much reason for a presumption in such cases as there is for presuming that a man is unmarried because that must necessarily have been his first state. It may be that at a fixed age a majority of persons are single, and that at a more advanced age a majority are married, but it would be very uncertain and unreliable to presume that a particular individual of either age was single or that he was married. Moreover, why should a man in a civilized community, who is competent to marry, be presumed not to have entered into a contract of marriage, when no presumption arises that he has not entered into any other kind of a contract?"

Chamberlayne, in his work on the modern law of evidence, vol. 2, page 1236, suggests the formula for a possible middle course in the following paragraph:

"Legal status, e. g., the citizenship of a person or the incorporation of a company will be inferred to possess the continuance customary in such matters. In like manner, coverture, being unmarried or other personal legal status, once shown to exist, will be presumed to continue for a reasonable time."

A final determination of this more or less doubtful question at this time is not indispensable to the disposition of the instant case.

The property being of record in the name of the vendor, a married man, is presumed to be ganancial, and a conveyance by such record owner with the express consent of his wife constitutes a *prima facie* transfer of the title. This presumption, however, is not conclusive; and, in the case at bar, was weakened rather than strengthened by the marriage certificate exhibited by the purchaser to show that the marriage of the vendor occurred in November of the year in which the property was acquired by him. The marriage certificate recites that both of the contracting parties were single at the date of the ceremony, but such a statement is not conclusive of the fact. It is also true that the record indicates acquisition by the vendor as a married man, but it does not show that he was then married to his present wife. It is very probable, and no doubt appellant is reasonably safe in assuming that the property was acquired by the vendor in November or December of 1900 after his marriage to his present wife, or in any event as a bachelor, and not earlier in the same year or while married to some other woman. The possibility last mentioned is obviously somewhat remote; but the question before us is not one of fact to be determined by a preponderance of such circumstantial evidence as may be found in the record. The point is that there is nothing apodictic in the nature of the legal presumption as to the community character of the property in question; but that on the contrary both this and the presumption, if any, as to personal legal status are always

open to challenge and may be destroyed by satisfactory evidence showing the actual fact to be otherwise. The record may be readily made to speak the truth, and until this is done we cannot say that the evidence of title in appellant is without blemish.

See *Laó Figueroa et al.* v. *Registrar,* 28 P. R. R. 4, and cases cited; also *Rivera* v. *Registrar,* 26 P. R. R. 565.

The ruling appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.