## 22689. CRUMPLER *v.* THE STATE.

BROYLES, C. J. 1. An essential element in the offense of seduction is that the person seduced was an *unmarried,* as well as a virtuous, female. Penal Code (1910), § 378. It follows that upon a prosecution for that offense, the burden is on the State to affirmatively show that the female charged to have been seduced was an unmarried woman at the time of the alleged offense. See, in this connection, *Bennett* v. *State,* 103 *Ga.* 66 (29 S. E. 919, 68 Am. St. R. 77); *Neil* v. *State,* 117 *Ga.* 14 (43 S. E. 435); *Zackery* v. *State,* 6 *Ga. App.* 104 (64 S. E. 281); *People v.* Krusick, 93 Cal. 74 (28 Pac. 794); Iowa *v.* Carr, 60 Iowa 453 (15 N. W. 271).
2. In the instant case the defendant was convicted of the crime of seduction. The indictment, evidently through the inadvertence of the drawer thereof, failed to charge that the female, alleged to have been seduced, was an unmarried woman. There was no demurrer to the indictment,

and no motion to arrest the judgment. However, the evidence failed to establish the fact that the female in question was an unmarried woman at the time of the commission of the alleged offense. There was no direct evidence showing that fact, and the circumstantial evidence was not sufficient to establish it. It follows that the verdict was unauthorized, and that the court erred in refusing to grant a new trial.

*Judgment reversed. Hooper, J., concurs. MacIntyre, J., not presiding.*

DECIDED NOVEMBER 17, 1932.

*R. Douglas Feagin, J. E. Feagin,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

