26201. WAGNON *v*. THE STATE.

DECIDED MAY 13, 1937.

*R. Carter Pittman,* for plaintiff in error.
*J. H. Paschall, solicitor-general,* contra.

BROYLES, C. J. 1. "An essential element in the offense of seduction is that the person seduced was an *unmarried,* as well as a virtuous, female. Penal Code (1910), § 378 [Code, (1933), § 26-6001]. It follows that upon a prosecution for that offense, the burden is on the State to affirmatively show that the female charged to have been seduced was an unmarried woman at the time of the alleged offense." *Crumpler* v. *State, 46 Ga. App.* 58 (166 S. E. 457), and cit.

2. This case is controlled by the decision of this court in the *Crumpler* case, supra. In that case, as shown by the record of file in the office of the clerk of this court, the evidence showed that the female whom it was charged had been seduced was nineteen or twenty years old at the time of the alleged seduction; and the only evidence tending to show that she was at that time an unmarried woman was her own testimony that she "never had intercourse with any other man but the defendant." And this court held that the evidence was insufficient to show *affirmatively* that she was an unmarried woman at the date of the alleged offense, and that the State had failed to carry the burden of *affirmatively* showing that she was an unmarried female at that time. In the instant case the defendant was convicted of seduction, and the evidence disclosed that the woman in question was twenty-one years old at the time of her alleged seduction; but there was no direct evidence establishing the fact that she was then an unmarried woman. In this case, as in the *Crumpler* case, the only evidence *tending* to show that she was then an unmarried woman was her own testimony that she had never had sexual intercourse with any one but the defendant. While the evidence *lended* to show that she had never been married, it did not *affirmatively* establish that fact. It is conceivable that a woman might be mar-

ried, and yet that her husband, because of old age or physical or mental disability or for other reason, had never had intercourse with her. And "there is no presumption of law or of fact that a given person is married or single, but this is a matter which *must be established by evidence* whenever it is material." (Italics ours.) *Neil* v. *State,* 117 *Ga.* 14 (43 S. E. 435). It follows that the defendant's conviction was unauthorized and the refusal to grant a new trial was error.

3. The other assignments of error are not passed on, since the alleged errors are not likely to recur on another trial of the case.

*Judgment reversed. MacIntyre, J., concurs. Guerry, J., dissents.*