BEATRIZ MARTÍNEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF SAN GERMÁN, Respondent.

No. 1135. Submitted December 13, 1943.—Decided January 20, 1944.

*J. A. Surís* for appellant.    The registrar appeared by brief.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

There was presented for record in the Registry of Property of San Germán a deed No. 43, executed on September 22, 1943, before Notary José A. Surís Agraít, whereby Domingo Torres Guerra, acting for himself, sold a house and lot to Beatriz Martínez, and stated in the second clause thereof the following: "The party of the first part explains that, although it is true that in the deed of purchase No. 85 he stated that he was married to Doña María Criselda Ramírez, the fact is that he was unmarried and only lived in concubinage with her, and he did not contract marriage with María Isolina Lucena until the year 1938, which fact he will opportunely establish."

Supplementing the foregoing instrument there were presented the following documents: 1. Notarial Explanatory Act No. 46, executed in San Germán on November 1, 1943, before the same notary, wherein said Domingo Torres Guerra, for himself, and the former owners of the lot, that is, the persons from whom Torres Guerra acquired the same, stated that he was unmarried at the time of the acquisition. 2. A certificate from José L. Janer, Chief of the Bureau of Vital Statistics, dated October 22, 1943, attesting to the fact that no record entry of the marriage between Domingo Torres Guerra and María Criselda Ramírez was found in said bureau during the period from 1931 to 1935. 3. Another certificate attesting to the fact of the marriage contracted in 1938 between Domingo Torres Guerra and María Isolina Lucena.

The registrar denied the record sought in a decision which reads as follows:

"Record of the foregoing document is denied, because it is noted that the lot sold appears recorded in the name of the vendor, married to María Criselda Ramírez, without it appearing that the latter has given her consent to such sale, the attached explanatory act in which it is set forth that the statement as to said civil status was erroneous being insufficient, and similarly as to the certificate regarding the nonexistence of any marriage entry in the Municipality of San Germán; and because it is further noted that the civil status of the vendor at the time of the construction of the house has not been established, although such status may have been the same as when he acquired the lot or identical with the one he now has while married to María Isolina Lucena, without the latter having appeared, either, to give her consent to the sale of said house, for which reason I have entered instead a cautionary notice for the statutory term regarding any right to which the purchaser may be entitled, . . ."

The registrar in his brief maintains that, as it appears from the registry that Torres acquired the lot while he was married to María Criselda Ramírez, the presumption exists that there is involved community property acquired during the marriage and that, in order to alienate the same, Torres needs the consent of the person who, according to his statement, was his wife—§1313 of the Civil Code—and he argues that the above-mentioned supplemental documents are not sufficient to destroy the presumption of the married status of the vendor which arises from the registry. In support of his decision he cites the cases of *Delgado* v. *Registrar*, 23 P.R.R. 654, and *Figueroa* v. *Registrar*, 31 P.R.R. 360. In the former it was held that "there is no presumption that a person now married to a certain person was married to the same person at a particular time in the past," and in the latter the decision in *Bennet* v. *State*, 103 Ga. 67, 29 N. E. 919, was quoted in part as follows: "There is no presumption of law or of fact that a man or a woman is single, nor a presumption to the contrary."

The appellant confines herself to the statement that the explanatory act and the negative certificate from the Registrar of Vital Statistics are sufficient to enable the registrar to record the deed of sale, inasmuch as the presumption which arose from the first deed regarding the married status of Torres was destroyed by the above-mentioned documents.

We think that the decision appealed from should be affirmed. Since it appeared from the first deed of sale that the purchaser was married, the record of the lot in the registry carries with it the presumption that said lot belonged to the conjugal partnership. Section 1307 of the Civil Code. Whether or not it was true that the purchaser, Domingo Torres, was married to María Criselda Ramírez, the fact is that the record created a legal situation in favor of the person who was named as his wife. Now it is sought to have that situation of record changed by means of an explanatory act to which María Criselda Ramírez is not a party. We think that this could not be done by the registrar. It would have been otherwise if the only party affected, María Criselda Ramírez, had appeared in said explanatory act and corroborated the assertions of the person who now claims to have been her concubine, but formerly stated to have been her husband. As she failed to appear, there is a possibility that she has refused to do so because she was in a position to prove that she was really married to Torres. If such situation should arise, it would be incumbent on the courts and not on the registrar to determine the matter.

The negative certificate from the Register of Vital Statistics of San Germán is not sufficient, either, for, as aptly said by the respondent, the marriage may have been contracted in any other town in Puerto Rico and even abroad. The fact that Domingo Torres is now married to María Isolina Lucena does not establish any presumption regarding his true civil status in the year 1935, when in an authentic

document he stated that he was married to María Criselda Ramírez. *Figueroa* v. *Registrar, supra.*

The decision appealed from must be affirmed.

Mr. Justice Snyder did not participate herein.