## STATE OF MINNESOTA *vs.* EDWARD LEE.

### February 26, 1876.

**Negative Evidence of Character.**—Negative evidence of character is competent; for instance, the testimony of a witness who swears that he has been acquainted with an accused person for a considerable time, under such circumstances that he would be more or less likely to have heard what was said about him, and has never heard any remark about his character—the fact that a person's character is not talked about at all being excellent evidence that he gives no occasion for censure, or, in other words, that his character is good.

**Evidence of Disposition.**—The disposition of a person may be proved as a fact by a witness who knows what the disposition in question is from his own personal observation.

Appeal by defendant from a judgment of the court of common pleas of Ramsey county, *Simons*, J., presiding, where the prisoner was tried on an indictment for rape, convicted, and sentenced to imprisonment in the state prison for thirty years.

*W. A. Gorman*, and *I. V. D. Heard*, for appellant.

*Geo. P. Wilson*, Attorney General, for the State.

BERRY, J. The defendant was indicted for the commission of a rape. Upon the trial " the prosecuting witness testified, among other things, that the defendant, in the commission of the offence charged in the indictment, committed a violent assault and battery upon her, and threatened to take her life, before he committed the alleged offence, and testified she was sure that the defendant was the person who committed the offence. The defendant testified in his defence that he did not commit the alleged offence, and was not present at the time it was committed, but was in another part of the city at the time, * * * and that he never saw the prosecuting witness * * * until several days after * * * she alleged the offence was committed."

The defendant called as a witness one Hopkins, who testi-

fied as follows : " Know defendant ; first saw him nearly two years ago ; he worked at the driving park in this county. I think I am acquainted with defendant's general character for peaceableness." On preliminary cross-examination by the prosecuting attorney the witness testified as follows : " Never heard his character spoken of by any one before this transaction." On behalf of defendant the witness was asked the following questions, viz. : 1. " What was defendant's character as to peace and quietness? " 2. " What was defendant's disposition as to peace and quietness? " Both questions were excluded by the court upon objection by the prosecution.

Several other witnesses were asked similar questions, (also excluded,) but none of them appear from the testimony to have been acquainted with the defendant's character for peace and quietness, (using the word character in the sense of reputed character, or reputation,) so as to qualify them to testify to the same, though some of them showed more or less knowledge of defendant's disposition.

Defendant also proposed, in the language of the record, " to call other witnesses, who had been acquainted with defendant for about two years, but who had never heard his character, disposition, or reputation discussed or spoken of, and to prove by them that his disposition for peace and quietness was good ; also that his character for the same was good, and also that his general reputation for the same was good ; but the court held that neither of the above could be shown unless the witnesses would testify that they heard the defendant's character or disposition for peace and quietness discussed or spoken of."

By the strict and technical rule, as laid down by the text-writers, the only evidence of his good character which an accused person is permitted to adduce upon his trial for a criminal offence is evidence of general repute. In practice, however, the rule is seldom strictly enforced, but is in fact much and often relaxed. 1 Taylor Ev. § 325 a; Regina v.

*Rowton*, 2 Bennett & Heard Cr. Cas. 333, *et seq.*, and note; *Gandolfo* v. *State*, 11 Ohio St. 114; 1 Bishop Cr. Proc. § 489. A very sensible and commendable instance of the relaxation of the old and strict rule is the reception of negative evidence of good character—as, for example, the testimony of a witness who swears that he has been acquainted with the accused for a considerable time, under such circumstances that he would be more or less likely to hear what was said about him, and has never heard any remark about his character—the fact that a person's character is not talked about at all being, on grounds of common experience, excellent evidence that he gives no occasion for censure, or, in other words, that his character is good. *Regina* v. *Rowton*, 2 Bennett & Heard Cr. Cas. 333; *Gandolfo* v. *State*, 11 Ohio St. 114. In enforcing the strict rule, without regard to this relaxation of it, we think the court below erred. The witness Hopkins testified—and it must be assumed that the witnesses whom defendant proposed to call would have testified—to an acquaintance with defendant for a considerable time, under circumstances in which his bad reputation (if such he had) would have been more or less likely to have come to their knowledge. They should have been permitted to testify negatively to his good character by testifying, in effect, that they never heard his character discussed or spoken of.

This brings us to the offer of testimony in regard to defendant's disposition as to peace and quietness. The purpose of the evidence as to the character of the accused is to show his disposition, and to base thereon a probable presumption that he would not be likely to commit, and, therefore, did not commit, the crime with which he is charged. 1 Taylor Ev. § 325; *Regina* v. *Rowton*, per Earle, C. J., and Martin B.; 1 Wharton Am. Cr. Law, § 636. This presumption does not rest upon the ground that, *in general repute*, the accused possesses a disposition which would render it unlikely that he would commit the crime, but upon the fact

that he *possesses* the disposition—a fact of which general repute is only evidence. As it is, then, the *fact* of disposition which is important and material, there can be no reason why this fact may not be proved by any witness who knows what it is. There is certainly no reason why general repute is any better or more satisfactory evidence of disposition than the testimony of one who knows what the disposition in question is from his own personal observation. If it could properly be objected that the latter kind of testimony would be matter of opinion, a like objection might be made to evidence of general repute as but an aggregation of opinions. But evidence of the disposition of a person, by one who knows such disposition from personal observation, is not evidence of opinion in any objectionable sense. It is evidence of a fact—just as much evidence of a fact as is evidence of the disposition of a horse. Whether the witness knows what he pretends to know in regard to the disposition of a person in question, whether his opportunities for acquiring such knowledge have been sufficient, or his ability to acquire it has been competent, are matters which there is no practical difficulty in testing, either upon a preliminary or cross-examination, or both.

Judgment reversed and the case remanded for a new trial.