THE STATE v. THOMAS L. SLATTERY.

Submitted December 8, 1906—Decided February 25, 1907.

1. It is not necessary, in order to constitute the offence created by section 50 of the Crimes act (which provides that any single man over the age of eighteen years who, under promise of marriage, shall have sexual intercourse with any single female of good repute for chastity, under the age of twenty-one years, she thereby becoming pregnant, shall be guilty of a high misdemeanor), that the intercourse shall take place at the time when the promise is made or immediately following it.

2. It is not competent for a person indicted under the above statutory provision to prove at the trial of the indictment that the prosecuting witness had other men than himself call to see her prior to the time of her seduction by him, and that they remained with her all night.

3. Where the question for determination is whether, at a given time, a man was married or single, proof that he was single a few months prior to that time, is sufficient to support the conclusion that he remained in that state up to that time, in the absence of proof to the contrary.

On error to Union Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and GARRETSON.

For the state, *Nicholas C. J. English,* prosecutor of the pleas.

For the plaintiff in error, *James C. Connolly.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff in error was indicted and convicted under the fiftieth section of the Crimes act (*Pamph. L.* 1898, *p.* 807), which provides that: "Any single man over the age of eighteen years, who, under promise of marriage, shall have sexual intercourse with any single female of good repute for chastity, under the age of twenty-one years, she thereby becoming pregnant, shall be guilty of a high misdemeanor, and punished accordingly; but the evi-

dence of the female must be corroborated to the extent required in case of indictment for perjury; and if the man offending marry the female at any time before sentence the same shall be suspended, and he shall be discharged from custody; and if he marry the female after sentence he shall be discharged from further imprisonment."

The first assignment of error challenges the action of the trial court in refusing to direct a verdict for the defendant for failure of proof that a promise of marriage was made by the defendant to the prosecuting witness. The girl herself testified that such a promise was made to her by the defendant on the 25th of March, 1905, and her evidence upon this point was corroborated by her brother-in-law, one Esbrandt, who testified that, upon the evening of the day mentioned, the defendant told him that the girl was his intended wife; and further, that upon two subsequent occasions he stated to the witness that he was going to be married to her. This testimony, if worthy of credit, furnished the measure of proof required by the statute. Its credibility was, of course, for the jury. There was consequently no error in the refusal of the trial court to take the case from the jury because of failure of proof in the respect mentioned.

The second assignment of error is based upon the refusal of the trial judge to direct a verdict for the defendant upon the ground that the sexual intercourse between the parties was not had under promise of marriage. The prosecuting witness testified that she did not submit herself to the defendant's sexual embraces until after the promise was made in March, and the defendant himself fixes the first date of such intercourse in the June following. The theory upon which this assignment is rested by counsel, as we understand it, is that, in order to bring the case within the statute, the intercourse must take place either at the time when the promise is made or immediately following it. In our opinion no such limitation can be fairly implied from the words of the act. Its purpose is to protect every young woman of the class mentioned, who, confiding in the honesty of the promise, yields to the solicitations of him who, as she believes, will sooner or later

be her husband, and permits him, as a favor, to enjoy in advance of the marriage ceremony those privileges which after marriage become his of right. The fact that she does not surrender her body to the sexual embraces of her supposed future husband until by lapse of time she has become entirely accustomed to the idea that sooner or later she will become his wife, does not take her out of the protection of the statute. We conclude that this assignment is without merit.

The third assignment of error is directed at the refusal of the trial court to permit the defendant to introduce evidence showing that the prosecuting witness had other men than the defendant call to see her prior to the time of her seduction by the defendant, and that such men remained with her all night. The question of the legitimacy of such evidence was presented to this court for its consideration in the case of *Foley* v. *State,* 30 *Vroom* 1, and we then held that in a trial on an indictment founded upon this section of the Crimes act proof that the prosecuting witness had been unchaste with two other men was properly excluded.

Upon review by the Court of Errors and Appeals, the soundness of that decision was affirmed. *S. C. on error,* 30 *Vroom* 585. It seems hardly necessary to add that if proof of specific acts of unchastity is incompetent, proof of specific acts from which unchastity may reasonably be inferred is equally objectionable.

It is argued before us that if the excluded evidence was not competent for the purpose of attacking the reputation of the prosecuting witness for chastity, it should have been received for the purpose of discrediting her as a witness; but, in the first place, the trial court was not asked to admit it for any such purpose, and, in the second place, it threw no light upon the question of the credit to be given to her testimony. *Atwood* v. *Impson,* 5 *C. E. Gr.* 150.

The fourth assignment of error is directed at the ruling of the trial court that, the state having proved the defendant to have been single at a period some months prior to the time when the seduction took place, the law presumed, in the absence of proof to the contrary, that he remained so up

to and at the time when that event occurred. Just why this ruling is considered to have been unsound is not made plain to us by the brief of counsel, nor are we able to perceive any ground for so declaring it. It was justified by the decision of this court in the case of *Gaunt* v. *State,* 21 *Vroom* 490. The question there presented was whether, where one of the elements of the crime for which the defendant was indicted was the single state of the woman with whom he was charged with having had sexual intercourse, the omission of the state to offer proof of that fact invalidated the conviction. After pointing out that the single state is the natural, and during early life the only possible one, and that there is no period at which it is necessarily terminated or merged into marriage, we declared that "it is therefore to be presumed, in the absence of testimony tending to the contrary, that the celibacy which exists during early life continues." There was no error in the ruling at which this assignment is directed.

The last assignment argued challenges the correctness of the statement made by the trial judge in his charge to the jury that the girl testified that the defendant had promised to marry her, and that, although he offered himself as a witness in the case, he did not deny her statement upon the stand. An examination of the proofs sent up with the record shows that this statement of fact to the jury was justified. The defendant denied that he had ever told the witness Esbrandt that the girl was to be his future wife, but he failed to deny that he promised the girl that he would marry her.

Counsel for the plaintiff in error has argued before us that the proofs in the case fail to show that the girl was pregnant, but it is sufficient, for the purpose of disposing of this contention, to say that the question was not raised by any assignment of error.

The conviction must be affirmed.