# STATE v. HENRY MORRIS.[1]

May 6, 1921.

No. 22,022.

**Criminal law — corroboration of accomplice — conviction sustained.**

1. The evidence referred to in the opinion satisfied the requirements of section 8463, G. S. 1913, relating to the corroboration of an accomplice, and justified the jury in returning a verdict of guilty.

**Indictment for grand larceny — conviction for petit larceny.**

2. A defendant indicted for grand larceny in the second degree cannot complain because the court permitted the jury to find him guilty of petit larceny, although the evidence strongly tended to show that, if guilty at all, he was guilty of the crime charged.

**Charge to jury — request for instruction.**

3. If the evidence permits of no doubt as to the degree of the crime, the court may properly instruct the jury either to convict of the crime charged or to acquit, but the defendant should request such an instruction if he desires to waive the benefit of G. S. 1913, §§ 8476, 9213.

**Exclusion of negative evidence of reputation.**

4. If a witness has known the defendant long enough and under such circumstances that he would be likely to have heard remarks derogatory to his character if they had been made, he may give evidence negative in form as to defendant's reputation. Defendant was not prejudiced by the exclusion of such evidence after he was allowed to introduce a large amount of character evidence.

**Rulings on evidence.**

5. There was no error in rulings excluding certain evidence offered by defendant, or in the court's instructions to the jury.

Defendant was indicted by the grand jury of Olmsted county charged with the crime of grand larceny in the second degree, tried in the district court for that county before Callaghan, J., and a jury, and found guilty of petit larceny. When the state rested, defendant's motion for a direct-

[1]Reported in 182 N. W. 721.

ed verdict and his motion to dismiss the action were denied. Defendant's motion for judgment notwithstanding the verdict or for a new trial, was denied. From the judgment entered pursuant to the verdict and sentence, defendant appealed. Affirmed.

*Frazer & Frazer,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Assistant Attorney General, and *Oscar C. Ronken,* County Attorney, for respondent.

LEES, C.

Defendant was indicted on a charge of grand larceny in the second degree. The jury found him guilty of petit larceny, and he has appealed from the judgment rendered upon his conviction.

The proof of guilt consisted largely of the testimony of one Delitzo, a confessed accomplice. In substance his testimony was that in July, 1919, while he was employed by the Kahler-Roberts Company at the Colonial Hotel in the city of Rochester, he took a sack of flour, a sack of coffee and one of sugar, of the value of $22.06, all belonging to the company, and set the sacks on a porch or in an outside hallway of the hotel, in order that defendant might get them; that he did this by prearrangement with defendant, who later in the day and after dark took the property to his house adjoining the hotel and subsequently paid the witness $15; that the flour was in the sack in which it came from the mill, and that before he set it out he enclosed it in a gunny sack so he would not get his clothing white with flour. He also testified that during the month of July he set out for defendant in a similar manner other supplies from the hotel. He admitted that he had been arrested on a criminal charge based on his part in these transactions and had pleaded guilty and paid a fine.

1. Defendant's first contention is that there was no corroborating evidence sufficient to satisfy the requirements of G. S. 1913, § 8463. The state finds such evidence in the following circumstances: During the night of August 2, 1919, a police officer and the manager of the hotel went to defendant's house with a search warrant, got defendant out of bed and proceeded to search the premises. They found a sack of flour inside a gunny sack, part of a sack of coffee, a sack of sugar and other

supplies of the kind Delitzo testified he had set out for the defendant. The goods found and claimed by the manager of the hotel made two loads for the patrol wagon in which they were taken away. Some of the goods were found in a wall case in the room occupied by defendant as a bedroom, and some were found in a basement room with a lot of kindling wood and rubbish. A number of dishes of the same pattern as those used in the hotel were among the articles found and taken away. The manager of the hotel testified that some of the goods were the same brand and in containers similar to those in which such articles were purchased for the hotel; that, when he asked defendant where he got the goods, he said they were in his house when he bought it and that he found them under the woodpile in the basement. When asked for a further explanation, he replied, "I won't talk any more."

Defendant testified that in July, while cleaning out the basement of his house, he found the dishes referred to under the rubbish, and that he did not see the flour, coffee, sugar and other articles until the police officer found them when the search was made. He was unable to account for their presence in his room, and insisted that he was too surprised for words when the officer discovered them there. At the time of the search he was conducting a boarding and lodging house located on premises adjacent to the hotel and bought and kept in it the groceries and supplies usually kept in such places.

The rule relating to corroboration of an accomplice has been too often stated to be repeated here. 1 Dunnell, Minn. Dig. § 2457; State v. Christianson, 131 Minn. 276, 154 N. W. 1095; State v. Lyons, 144 Minn. 348, 175 N. W. 689. We are of the opinion that, within the rule, Delitzo's testimony was sufficiently corroborated by the testimony of the police officer, the hotel manager, and the defendant's own statements, and also by facts and circumstances surrounding the discovery of the property in his house.

2. Delitzo's testimony, supplemented by the other evidence to which reference has been made, would justify the jury in finding the defendant guilty of larceny. We have not overlooked the evidence of trouble between defendant and his wife and Delitzo's alleged intimacy with the wife, the inability of the hotel manager positively to identify the goods as the property of the Kahler-Roberts Company, and the evidence of

good character introduced by defendant. These were proper considerations to urge upon the jury, but were not of sufficient weight to require a verdict of acquittal.

3. Complaint is made because defendant was found guilty of petit larceny. It is urged that he is either innocent or guilty as charged in the indictment. We have no doubt that the evidence would have sustained a conviction of grand larceny in the second degree. Defendant's counsel are right in asserting that if the evidence is such that there can be no doubt as to the degree of the crime, if the accused is guilty at all, the court may properly instruct the jury that they must either convict of the crime charged or acquit. State v. Nelson, 91 Minn. 143, 97 N. W. 652; State v. Potoniec, 117 Minn. 80, 134 N. W. 305. Defendant cannot complain, however, because the jury concluded that he took the property under circumstances not requiring them to find him guilty of larceny in a higher degree. The act for which defendant was indicted was the same as that for which he was convicted, and a conviction of a lesser degree was, therefore, proper. State v. Staples, 126 Minn. 396, 148 N. W. 283.

In an early American case, State v. Bennett, 2 Tread. (S. C.) 693, it was said that however absurd it may appear that a jury sworn to determine a case according to the evidence should be authorized to find the goods stolen of less value than all the witnesses swore they were worth, it is what Blackstone calls a "pious perjury" which the jury has been indulged in until it has become the law of the land. In Bryant v. State, 158 Ala. 26, 48 South. 543, the proof showed without conflict that the goods stolen were of a value which made the offense grand larceny, yet the accused was convicted of petit larceny, and the verdict was allowed to stand on the theory that he was not harmed by and could not complain of a conviction of a lesser grade of the offense than the evidence would have sustained. Under our statutes and decisions such a conviction is a bar to a subsequent prosecution for a greater offense. G. S. 1913, § 9194; State v. Wiles, 26 Minn. 381, 4 N. W. 615; State v. Hackett, 47 Minn. 425, 50 N. W. 472, 28 Am. St. 380. The commission of petit larceny is necessarily included in grand larceny. Each of the several descriptions of larceny involves a simple larceny. The fact of its having been committed in a building merely aggravates the offense and increases

the severity of the punishment. G. S. 1913, §§ 8476, 9213; State v. Eno, 8 Minn. 190 (220); State v. Vadnais, 21 Minn. 382; State v. Wiles, supra; State v. Snyder, 113 Minn. 244, 129 N. W. 375; State v. Wondra, 114 Minn. 457, 131 N. W. 496; State v. Levine, 146 Minn. 187, 178 N. W. 491. If the evidence is such that a jury may convict of a lesser degree of the offense charged, the accused is entitled to an instruction submitting the lesser degree. State v. Smith, 56 Minn. 78, 57 N. W. 325; State v. Brinkman, 145 Minn. 18, 175 N. W. 1006. If, on the other hand, the accused desires to relinquish his chance of escaping with a conviction of a lesser offense in the hope that the jury will refuse to convict him of a greater, he should request the court to instruct that the only permissible verdicts are guilty as charged or not guilty, and no such request was made here.

4. A witness, who is shown to have been acquainted with the accused for a considerable time under circumstances that he would be likely to have heard anything said against him, may testify that he never heard any remark against his character. State v. Lee, 22 Minn. 407, 21 Am. Rep. 769. Defendant contends that the trial court erroneously excluded evidence of this sort and that prejudice to his substantial rights resulted therefrom. The rule may have been infringed when objections were sustained to certain questions put to some of the character witnesses. Many character witnesses were called and most of them were permitted to cover that field of evidence thoroughly. If the court was too strict in some of its rulings, the error was without prejudice in view of the great amount of such evidence that was received. State v. Crawford, 96 Minn. 95-102, 104 N. W. 768, 822, 1 L.R.A.(N.S.) 839.

5. We find no error in the refusal to allow defendant to go into the history of his troubles with his wife. That was a matter wholly collateral to the issue on trial. Neither do we find error in the admission of Delitzo's testimony that he took articles belonging to the Kahler-Roberts Company in addition to those described in the indictment which were also found in defendant's house. State v. Monroe, 142 Minn. 394, 172 N. W. 313; State v. Ettenberg, 145 Minn. 39, 176 N. W. 171.

6. The court's instructions to the jury were clear and comprehensive and were eminently fair to the defendant, and we find no ground for criticism of them. The charge included all the good law there was in

defendant's requested instructions, and there was no error in refusing to state it in the identical language in which the requests were framed. The instructions relating to the effect of evidence of good character were similar to those approved in State v. Ames, 90 Minn. 183, 96 N. W. 330.

The other assignments of error have been considered, but it is unnecessary to discuss them.

The judgment is affirmed.