STATE v. N. M. NELSON.[1]

March 12, 1926.

No. 25,398.

**Error to exclude character evidence offered.**
    The defendant lived in Rochester for many years. Three or four years before the offense charged he moved to a farm 2½ or 3 miles away. The city was his market place and he continued to associate with people there. *Held* that one who knew him for many years in the city when that was his home, who continued his acquaintance with him after he moved to the farm, knew some of the farmers about, and who met him frequently and did business with him in the city, should have been permitted to testify as to his character when a resident of the city and afterwards.

Criminal Law, 16 C. J. p. 580 n. 6; p. 582 n. 24; 17 C. J. p. 334 n. 4.
Evidence, 22 C. J. p. 485 n. 80.
Witnesses, 40 Cyc. p. 2198 n. 30.

See note in 22 L. R. A. (N. S.) 650.    8 R. C. L. p. 209; 2 R. C. L.
    Supp. p. 210.

Defendant appealed from an order of the district court for Olmsted county, Callaghan, J., denying his motion for a new trial. Reversed.
*Thomas Fraser*, for appellant.
*Clifford L. Hilton*, Attorney General, and *W. W. Smith*, County Attorney, for respondent.

DIBELL, J.
The defendant was charged by information with grand larceny in the first degree. He was convicted of pettit larceny. He appeals from the order denying his motion for a new trial.
The evidence by which it was sought to connect the defendant with the crime charged was circumstantial. No one claims that

[1]Reported in 208 N. W. 129.

it was at all conclusive. It had some weak points. We are not now quarreling with the verdict. The only question which we discuss is the exclusion, upon the objection of the county attorney, of character evidence offered by the defendant.

Our constant holding, in harmony with that of other courts, is that the accused of right may put the reputation which he has acquired, in respect of the qualities of character involved in the crime charged, before the jury, which determines its weight when it gives it the consideration which it should. The propriety and purpose of such evidence is indicated by our cases. Thus, in State v. Sauer, 38 Minn. 438, 38 N. W. 355, Judge Mitchell said:

"Evidence of good character is admissible to support the original presumption of innocence, and is to go to the jury, and be considered by them, in connection with all the other evidence in the case."

In State v. Hutchinson, 121 Minn. 405, 141 N. W. 483, Judge Bunn said:

"Evidence of good character goes to the probabilities of defendant's guilt, and bears on the general question of guilty or not guilty."

In State v. Dolliver, 150 Minn. 155, 184 N. W. 848, Judge Lees, reviewing the prior cases, said:

"Such evidence is received on the theory that a person possessing the moral qualities in question, would not be likely to commit the offense charged. It should be considered by the jury with all the other evidence in the case, in determining whether the witnesses who have testified to facts tending to criminate defendant have been mistaken or have testified falsely * * * It is admissible to support the original presumption of innocence. It is a fact in the case that may tend in a greater or less degree to establish innocence. It may be sufficient to establish a reasonable doubt of guilt * * * It goes to the probabilities of defendant's guilt and bears on the general question of guilty or not guilty."

It is alleged that the offense was committed in Rochester. The defendant owned a ten acre farm 2½ or 3 miles north of the city

and had lived upon it for 3 or 4 years. Before that he had lived in Rochester. The evidence is meager as to the exact length of his residence there, just what he did during the whole time when the city was his home, his family and social connections, and the extent of his acquaintance. In these respects there are many statements of his counsel, both in his brief and in oral argument, unsupported by the evidence which alone can inform us. It does appear, however, that he had lived in the city 8 or 10 years, and inferentially much longer; that he had been baggage master for the Chicago Great Western Railroad Company; that he had been city assessor for one term, apparently recently; and that he was a man who had a considerable acquaintance. He offered as a character witness a carpenter contractor, at the time president of the school board, who had known him 8 or 10 years; who had been associated with him in labor circles and labor movements; who lived about 6 blocks from him for a number of years; who met him often after he moved to the farm; who had bought "quite a little produce of him;" and who visited him once at the farm and knew some of the farmers in the vicinity. This witness, upon the objection of the county attorney, was not permitted to testify to the defendant's reputation, at the time of the offense charged, in the community about his farm nor in Rochester.

The defendant had not been away from the city so long that his reputation when in the city might not be considered; nor did he so separate himself from Rochester, when he moved to the farm, that one knowing him, to the extent that the witness did, might not testify to his present reputation, and to his reputation when Rochester was his home. The city was his market town and with its people he still associated. There were other character witnesses. Some character testimony was received and some was rejected; but taking it all in all, the jury, if attentive to the course of the trial, must have gone to the jury-room with the understanding gained from the repeated and sustained objections of the county attorney that the defendant's good reputation in Rochester was not of avail to him, and that testimony bearing upon his reputation, except such

as came from those conversant with it in the little community about the farm, was not of weight.

The qualification of a character witness is largely for the trial court; but reputation is not confined by arbitrary city boundaries, nor evidence of it excluded because of the lapse of a few years during which there is continued association with those of the immediate community from which the accused has moved. See 1 Wigmore, Ev. (2 ed.) §§ 55-56, § 691; 3 Wigmore, Ev. (2 ed.) § 1615, et seq.; 40 Cyc. 2198; 5 Am. & Eng. Enc. (2 ed.) 883; 10 R. C. L. 952-954, §§ 122-125. The refusal of the testimony cannot be held without prejudice, within State v. Morris, 149 Minn. 41, 182 N. W. 721, where a large number of witnesses were permitted to testify, and one was excluded.

In parting with the case it is proper to note that the charge of the court, including that on character evidence, was accurate, and fair to the defendant, and that throughout the trial there was shown no unfavorable attitude toward him. We feel that the proposed character testimony should have been received, and that whatever got to the jury went with a confused notion as to its proper application. Neither counsel was without fault.

Order reversed.