## STATE v. DUANE L. HANSON.

123 N. W. (2d) 173.

July 26, 1963—No. 38,530.

*John S. Connolly* and *Douglas Thompson,* for appellant.

*Walter F. Mondale,* Attorney General, *Charles E. Houston,* Solicitor General, *William B. Randall,* County Attorney, and *Peter J. Maloney,* Assistant County Attorney, for respondent.

THOMAS GALLAGHER, JUSTICE.

Defendant appeals from a judgment of conviction of grand larceny in the second degree entered May 23, 1961, in the District Court of Ram-

sey County. On appeal it is his contention that the court erred (1) in refusing to receive testimony submitted by him to the effect that the property taken by him was of a value which would permit the jury to find him guilty only of petit larceny; and (2) in refusing to submit to the jury for its determination whether defendant's guilt was of petit larceny rather than that of grand larceny in the second degree.

On May 5, 1961, an information was filed by the county attorney of Ramsey County, charging defendant with:

"* * * wrongfully, unlawfully, and feloniously and in the daytime * * * with the intent * * * to deprive the true owners of their property and to appropriate the same to the use and benefits of him * * * take, steal and carry away from and out of the Lounge Club, * * * a part of a building situate in said * * * County * * * the following described personal property, * * * one man's wrist watch, * * * the property of one Frank Redman; one lady's wrist watch, * * * the property of one Bernice L. Ertle; and two rings, * * * the property of Frances A. Ingalls, * * * contrary to the form of the statute * * * being Section MSA 622.06 said acts constituting Grand Larceny—2nd Degree (from Building) * * *."

On May 8, defendant entered a plea of not guilty to this information, and the case was brought on for trial in the District Court of Ramsey County on May 16. Defendant was represented therein by John S. Connolly, attorney, acting as the Ramsey County Public Defender.

During the trial one Virgil L. Bennett testified that defendant had displayed to him a man's wrist watch and some rings and had offered to sell the wrist watch to him. During the state's cross-examination of this witness, the following occurred:

"Q   Did he say what he wanted for the watch?

* * * * *

"MR. CONNOLLY:

"Your Honor, I'm afraid that has been opened up, any conversation about the watch. If he wanted a hundred dollars for the watch, I think the jury should know that, or if he wanted a Mexican penny, I think they would like to know that.

"Mr. Maloney [assistant county attorney]:

"I think Counsel is being very unfair about that.

"The Court:

"It's immaterial, but he may answer. The jury will be instructed that the issue of value is not in the case, but he may answer that question.

\* \* \* \* \*

"Q [by Mr. Connolly] Did he mention what he wanted for the watch?

"A $5.00."

Subsequently, defendant sought to have the owner of the rings which defendant had stolen testify as to their value, but the court sustained objections to this line of inquiry. Defendant then called one Joseph Eschenbacher, a jeweler located in St. Paul, and during his direct examination the following took place:

"Mr. Maloney:

"At this time the State requests an offer of proof from the defendant as to what testimony he intends to cover with this witness.

\* \* \* \* \*

"The Court:

"I'll have to make the same instruction that I told you last week, to refrain from any introduction of any testimony and a cautionary instruction to the jury not to concern themselves with the value of anything taken from the building during that time; therefore, value is not in issue.

\* \* \* \* \*

"Mr. Connolly:

"\* \* \* petty larceny is a component part of the charge and necessarily included in the offense although it's not a lesser degree, and I feel that the Court after hearing arguments in his chambers on requested instructions will eventually instruct this jury that they can find the defendant either guilty of grand larceny from a building or the component crime, not the lesser crime, but the included crime of simple or petty larceny, and, therefore, I think this evidence is relevant or material.

\* \* \* \* \*

"THE COURT:

"The motion of the State to not permit this man to testify as to value is granted."

Defendant then requested leave to offer proof that if this witness were allowed to testify his testimony would be to the effect that one Lieutenant Schmidt of the St. Paul Police Department had brought the rings to the witness for appraisal and that the latter had then appraised them as worth approximately $50. The court sustained objection to the evidence embodied in such offer. At the close of the trial, defendant requested instructions as follows:

"* * * while the charge in this case is grand larceny in the second degree, the statutes of our state provide that a lesser degree of guilt may be found under such a charge, and I shall submit to you three forms of verdict * * *. The first is, we the jury * * * find the defendant Duane Hanson guilty of the crime charged in the information. The second, we find the defendant guilty of the crime of petit larceny, and the third, we the jury find the defendant not guilty."

In conjunction therewith defendant cited Minn. St. 631.14, which provides:

"Upon an indictment for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment, and guilty of any degree inferior thereto; upon an indictment for any offense, the jury may find the defendant not guilty of the commission thereof, and guilty of an attempt to commit the same; upon an indictment for murder, if the jury shall find the defendant not guilty thereof, it may, upon the same indictment, find the defendant guilty of manslaughter in any degree. In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment."

In denying this request, the court stated:

"* * * the issue in this case is taking property of any value in the daytime from a building which makes that stand or fall on the innocence or guilt of larceny in the second. The Court * * * has failed to see the relevancy or materiality of the value of the property inasmuch as the case

had proceeded on the theory of property * * * of any value from a building in the daytime. * * * In other words, if any of the issues fail in this case, the Court feels that even a simple or petit larceny should not stand * * *."

The court's subsequent instructions to the jury were in accordance with this position, and on May 23, 1961, the jury returned a verdict of "guilty as charged." Defendant at that time was sentenced to 9 months in the workhouse in the city of St. Paul.

■ We are of the opinion that the judgment of conviction and sentence must stand. It is defendant's contention that had the evidence offered by him been received the jury might have found him guilty of petit larceny rather than grand larceny in the second degree. Petit larceny is defined in Minn. St. 622.07 as follows:

"Every larceny, except in the first and second degrees as described in this chapter, shall be petit larceny, and punished by imprisonment in the county jail for not more than three months or by a fine of not more than $100."

Examination of § 622.05,[1] which defines grand larceny in the first degree, clearly indicates that defendant was not guilty thereunder. However, reference to § 622.06(3),[2] which defines grand larceny in the

---

[1]§ 622.05 provides: "Every person who shall steal, or unlawfully obtain or appropriate in any manner specified in this chapter:

"(1) Property of any value by taking the same from the person of another in the night-time;

"(2) Property of the value of more than $25 by taking the same in the night-time from any dwelling house, office, bank, shop, warehouse, vessel, railway car, or any building of any kind or description; or

"(3) Property of the value of more than $500 in any manner whatsoever—

"Shall be guilty of grand larceny in the first degree and punished by imprisonment in the state prison for not less than one year nor more than ten years."

[2]§ 622.06 provides: "Every person who, under circumstances not amounting to grand larceny in the first degree, in any manner specified in this chapter, steals or unlawfully obtains or appropriates:

* * * * *

second degree, definitely indicates that defendant by the verdict was guilty of violating that section in stealing the personal property described (regardless of the value thereof) from a building in the daytime. His guilt under this section would eliminate any requirement on the part of the court to submit to the jury the question whether his guilt was of a lesser degree than that involved in the information. Section 631.14 has been construed as inapplicable where the evidence clearly establishes a defendant's violation of the statute under which he is charged and which defines the greater offense. This rule is expressed in State v. Stevens, 184 Minn. 286, 291, 238 N. W. 673, 675, as follows:

"Where it is clear that a particular crime has been committed and there is no evidence justifying a verdict of any lesser degree than the one charged in the indictment, it is the duty of the court to instruct the jury that it is their duty to convict of the particular crime or acquit. * * * Where there is no evidence to justify a verdict in a lesser degree, it should not be submitted to the jury. * * * Where however the evidence may be construed as covering a lesser degree of a crime charged, it is the duty of the court to submit that degree. * * * But of course the defendant must protect the record if necessary."

Under these principles, before defendant could have become entitled to the application of § 631.14, the evidence would have had to disclose at some stage in the proceedings that his taking of the property was not from a building in the daytime. But since his guilt of the crime with which he was charged—grand larceny in the second degree—established his violation of § 622.06(3), accordingly the provisions of § 631.14 could not become applicable. It would follow that the court was correct in denying his counsel's request to have the provisions of

---

"(3) Property of any value by taking it in the daytime from any dwelling house, office, bank, shop, warehouse, vessel, motor vehicle, railway car, or building;

* * * * *

"Is guilty of grand larceny in the second degree and may be punished by imprisonment in the state prison for not more than five years, by imprisonment in the county jail for not more than one year, or by a fine of not more than $500."

§ 631.14 applied, and in rejecting evidence offered as to the value of the property taken.

■ A careful reading of State v. Morris, 149 Minn. 41, 182 N. W. 721, relied upon by defendant, indicates a number of distinctions. It is true that some of the language used there appears to support defendant's contentions here. However, the issue involved there was whether the defendant had a right to a judgment of acquittal under the court's instructions and the jury's verdict. There the court had instructed the jury that it might find defendant guilty of grand larceny in the second degree or not guilty thereof; or guilty of petit larceny or not guilty thereof. There defendant had been charged with taking property of the value of $22.06 from a building. The jury found defendant not guilty of the crime of grand larceny in the second degree but guilty of petit larceny. On appeal this court held that defendant's conviction should stand because of his failure to object to the described instructions. Had defendant there elected to stand or fall on the jury's verdict with respect to grand larceny in the second degree, it was held that he should have objected to the trial court's submission of a lesser crime to the jury.

Judgment is affirmed.