STATE v. JIM WISHON.

(Filed 6 June, 1930.)

1. **Homicide A a—In this case held: admission of testimony of threats against the deceased was not error.**

Testimony of threats against the deceased made by the defendant two years prior to the homicide may be received in evidence as corroborative testimony of evidence of threats made thereafter, and where the defend-

STATE *v.* WISHON.

ant admits he had "words" with the deceased, and that the killing oc-
curred at the first subsequent meeting between him and the deceased, the
admission of such testimony will not be held for reversible error on the
defendant's appeal from a conviction of murder in the second degree, the
testimony being evidence of premeditation and deliberation constituting
murder in the first degree of which the defendant was acquitted.

2. **Criminal Law I g—Inadvertence in charge held not to constitute re-
versible error where jury could not have been misled thereby.**

Where in a charge to the jury upon a prosecution for homicide the
court inadvertently uses the word "choked" in defining legal provocation
which would reduce the crime from murder in the second degree to man-
slaughter, when the defendant had testified that the deceased assaulted
him with a knife, the inadvertence will not be held for reversible error
when it is apparent that the jury were not misled thereby and a definite
application of the principal to the facts of the case was later made by
the court.

3. **Homicide E a—Charge of the court on the law of self-defense held not
to contain reversible error.**

Where in stating the general principles of the law of self-defense the
court does not accurately instruct the jury as to the defendant's duty to
retreat, the charge will not be held for reversible error where in applying
the principles to the evidence the court correctly charges that the de-
fendant could stand his ground if he was without fault and if the de-
ceased attacked him with a knife and put him in fear of great bodily
harm or death, and if the defendant had reasonable grounds for such
fear.

APPEAL by defendant from *Harwood, Special Judge,* at August Term,
1929, of MACON. No error.

The defendant was convicted of murder in the second degree. Late
in the afternoon, on 9 July, 1929, the defendant and the deceased met
each other in a public road. The defendant was walking; the deceased
was riding a mule. The defendant admitted that when they met he
shot and killed the deceased with a pistol, but contended that the de-
ceased assaulted him with a knife. He contended that he had killed
the deceased in self-defense. Evidence relevant to the exceptions is set
out in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for
the State.*
*R. D. Sisk, J. N. Moody and Edwards & Leatherwood for defendant.*

ADAMS, J. The deceased as the overseer of a public road cut down a
chestnut tree on the defendant's land. A witness for the State testified
that after the tree had been cut and about two years before the homi-
cide he heard the defendant say, "I guess Mr. Solesbee (the deceased)
thinks it is all over, but I will get him some time or another." The de-

fendant excepted on the ground that the threat was too remote to be admissible. Joe Teague, another witness for the State, testified that about a year before the trial the defendant said in his presence that "Pink Solesbee (the deceased) had done him damage cutting timber, and he was going to get even with him one way or another." The defendant admitted he "had had words" with the deceased concerning the tree, and testified that the homicide occurred at their first subsequent meeting.

In *S. v. Howard*, 82 N. C., 624, threats made twelve months before the homicide were held to be competent. Afterwards, in reference to the question whether threats made two years before the homicide should be admitted, the Court remarked, "We might hesitate to admit evidence of threats to kill the deceased, made two years before the homicide, if they stood alone, without evidence of intermediate and recurring threats." In the present case there is evidence of an intermediate threat made within the time specified in *S. v. Howard*. Evidence of the threat first made is competent at least in corroboration. *S. v. McDuffie*, 107 N. C., 885. The defendant's admission that he killed the deceased raised a presumption of malice. His threats were evidence of premeditation and deliberation; but he was not convicted of the capital felony. In *S. v. Shouse*, 166 N. C., 306, it was said: "But these threats were offered to show premeditation, deliberation, and previous express malice, necessary to convict of murder in the first degree. *S. v. Tate*, 161 N. C., 280. They were practically irrelevant, unnecessary and harmless, as the prisoner was acquitted of the capital felony." In the admission of evidence relating to the defendant's threats there is, therefore, no error.

In defining the legal provocation which will reduce murder in the second degree to manslaughter, the judge told the jury that mere words, however abusive, would not mitigate the homicide, but that an assault would; that there was legal provocation if the deceased laid hands upon the defendant against his will, or struck at him, or choked him. An exception was taken because there was no evidence that the defendant was choked. But he testified that the deceased was in the act of assaulting him with a knife when the shot was fired; this was legal provocation, and the inadvertent use of the word "choke" could not have misled the jury to the prejudice of the defendant, especially when a definite application of the principle restricted the provocation to the alleged assault with a knife.

In stating the law of self-defense as an abstract principle the trial judge did not accurately point out the distinction between the necessity of retreating in the case of an ordinary assault (*S. v. Blevins*, 138 N. C., 669), and the right of a person to stand his ground when he apprehends and has reasonable grounds to apprehend that he is about

to suffer great bodily harm or loss of life *(S. v. Clark,* 134 N. C., 698);
but in applying the principle to the evidence he accurately instructed the
jury in these words: "If the prisoner was without fault and the de-
ceased, Pink Solesbee, assaulted him with a knife, and by reason of such
assault the prisoner actually apprehended and had reasonable grounds
to apprehend that his life was in danger or that he was in danger of
great bodily harm, and it appeared to him to be reasonably necessary
to shoot the deceased, he was not required as a matter of law to retreat
or withdraw from the combat, but could stand his ground and, if neces-
sary, even pursue his assailant and take his life in the protection of his
own life or to save his person from serious injury." *S. v. Dills,* 196
N. C., 457. For this reason the twelfth exception is overruled. The
remaining assignments are without merit. We find

No error.